

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
Eastern (Jackson) DIVISION
X Western(Memphis) DIVISION

Margie Robertson )
)
Plaintiff, )
)
vs. )
The University of Memphis, Jasbir Dhaliwal, indi- )
vidually and in his official capacity, and Stephanie )
A. Thompson, individually and in her official )
capacity, )
Defendants )

No. 24-2429

JURY DEMAND

## COMPLAINT

1. This action is brought for discrimination in employment pursuant to *(check only those that apply)*:

   X  Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e
      to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991,
      Pub. L. No. 102-166) (race, color, gender, religion, national origin).
      *NOTE: In order to bring a suit in federal district court under Title VII,
      you must first obtain a right to sue letter from the Equal Employment
      Opportunity Commission.*

   X  Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§
      621 – 634 (amended in 1984, 1990, and by the Age Discrimination in
      Employment Amendments of 1986, Pub. L. No. 92-592, the Civil Rights
      Act of 1991, Pub. L. No. 102 -166)
      *NOTE: In order to bring a suit in federal district court under the Age
      Discrimination in Employment Act, you must first file charges with the
      Equal Employment Opportunity Commission.*

   X  Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112
      – 12117 (amended by the ADA Amendments Acts of 2008, Pub. L. No.
      110-325 and the Civil Rights Act of 1991, Pub. L. No. 1102-166).
      *NOTE: In order to bring a suit in federal district court under the
      Americans with Disabilities Act, you must first obtain a right to sue letter
      from the Equal Employment Opportunity Commission.*

## JURISDICTION

2.     Jurisdiction is specifically conferred upon this United States District Court by the aforementioned statutes, as well as 28 U.S.C. §§ 1331, 1343. Jurisdiction may also be appropriate under 42 U.S.C. §§ 1981, 1983 and 1985(3), as amended by the Civil Rights Act of 1991, Pub. L. No. 102-166, and any related claims under Tennessee law.

## PARTIES

3.     Plaintiff resides at:

1304 Rutland Rd, Memphis
_____
STREET ADDRESS

Shelby _____ , ___ TN ____ , 38114 ___ , (901) 848-0989
County              State          Zip Code       Telephone Number

4.     Defendant(s) resides at, or its business is located at:

315 Administration Building
_____
STREET ADDRESS

Shelby _____ Memphis _____ TN _____ 38152 _____ .
County            City            State          Zip Code

NOTE: If more than one defendant, you must list the names, address of each additional defendant.

All defendants may be contacted at the same address listed above and
_____

may be served at: State of Tennessee, Office of the Attorney General,
_____

425 ~~Fifth Avenue, 2nd Floor, Nashville, TN 37243 (615) 741-3491.~~
_____

Jasbir Dhaliwal, Exec. VP for Research and Innovation, U of M;
_____

Stephanie A. Thompson, Director of Research Support, OSP, U of M;
_____

5.     The address at which I sought employment or was employed by the defendant(s) is:

315 Administration Bldg
_____

2

## STREET ADDRESS

| Shelby | Memphis | TN | 38152 |
|--------|---------|-----|-------|
| County | City | State | Zip Code |

6.    The discriminatory conduct of which I complain in this action includes *(check only those that apply)*

  ☐  Failure to hire

  ☒  Termination of my employment

  ☒  Failure to promote

  ☒  Failure to accommodate my disability

  ☒  Unequal terms and conditions of my employment

  ☒  Retaliation

  ☐  Other acts *(specify)*:_____

**NOTE:**  *Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court.*

7.    It is my best recollection that the alleged discriminatory acts occurred on:
beginning on or about 6/01/2020 and continuing because I was terminated on 8/19/2022,
which continues to adversely impact me
Date(s)

8.    I believe that the defendant(s) *(check one)*:

  ☒  is still committing these acts against me. The effects continue, because I
  was terminated and even in light of all
  the evidence, Defendants still refuse to correct
  ☐  is <u>not</u> still committing these acts against me. their wrongs.

9.    Defendant(s) discriminated against me based on my:
*(check only those that apply and state the basis for the discrimination. For example, if religious discrimination is alleged, state your religion. If racial discrimination is alleged, state your race, etc.)*

3

| | |
|---|---|
| [x] | Race __African American__ |
| [ ] | Color_____ |
| [ ] | Gender/Sex_____ |
| [ ] | Religion_____ |
| [ ] | National Origin_____ |
| [x] | Disability__ Hypertension resulting from the stress of the discrimination and which made me more vulnerable to COVID, etc. |
| [x] | Age. If age is checked, answer the following: I was born in____ 1957 ____. At the time(s) defendant(s) discriminated against me. |

I was [x] more [ ] less than 40 years old. *(check one)*

**NOTE:** *Only those grounds raised in the charge filed the Equal Employment Opportunity Commission can be considered by the federal district court.*

10.     The facts of my case are as follows:

Stephanie Thompson was my supervisor and began discriminating against me within the

first few months of my employment by subjecting me to different (adverse) terms and

conditions as compared to my younger, Caucasian co-workers, and when I mentioned it to

Ms. Thompson, she began to wage a campaign to terminate me in retaliation.  When it was

brought to her supervisor's attention (Jasbir Dhaliwal), he joined forces with

~~Ms. Thompson, even though the University's internal investigator's report indicated~~
findings supporting my allegations of discrimination and recommended training for my

supervisor and an appropriate salary increase for me.  The Legal Dept. "killed" the OIE

recommendation before it was published, and the University joined forces behind Thompson
and Dhaliwal, even though they had evidence that they had violated my civil rights. (See
attached.)                *(Attach additional sheets as necessary)*

**NOTE:** *As additional support for your claim, you may attach to this complaint a copy of the*

4

*charge filed with the Equal Employment Opportunity Commission or the Tennessee Human Rights Commission.*

11.  It is my best recollection that I filed a charge with the Tennessee Human Rights Commission regarding defendant's alleged discriminatory conduct on: 3/04/2022, 5/23/22 (amended) ~~and 8/19/2022~~ (amended), jointly with EEOC

12.  It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct on: 3/04/2022, 5/23/22 (amended) ~~and 8/19/2022~~ (amended), jointly

     Date    with THR

**Only litigants alleging age discrimination must answer Question #13.**

13.  Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct. *(check one)*:

     [x]   60 days or more have elapsed

     [ ]   Less than 60 days have elapsed.

14.  The Equal Employment Opportunity Commission *(check one)*:

     [ ]   has <u>not</u> issued a Right to Sue Letter.

     [x]   <u>has</u> issued a Right to Sue letter, which I **received** on 3/27/24 via email

           Date

*NOTE:*    *This is the date you <u>received</u> the Right to Sue letter, not the date the Equal Employment Opportunity Commission issued the Right to Sue letter.*

15.  Attach a copy of the Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.

*NOTE: You must attach a copy of the right to sue letter from the Equal Employment Opportunity Commission.*

16.  I would like to have my case tried by a jury:

     [x]   Yes

     [ ]   No

5

**WHEREFORE,** plaintiff prays that the Court grant the following relief:

☐ direct that the Defendant employ Plaintiff, or

☒ direct that Defendant re-employ Plaintiff, or

☒ direct that Defendant promote Plaintiff, or

☒ order other equitable or injunctive relief as follows: remove termination from Plaintiff's employment record and any/all related records; and pay Plaintiff both back and front pay comparable to Caucasian counterpart with fewer credentials, etc. who received higher pay than Plaintiff due to Defendants' discriminatory acts

☒ direct that Defendant pay Plaintiff back pay in the amount of $147,000 through June 2024 and $6,700 and interest on back pay; per month thereafter for five years, based on the salary increase received by Plaintiff's Caucasian counterpart with fewer credentials

☒ (experience and education) whose salary increase was part of the discriminatory behavior direct that Defendant pay Plaintiff compensatory damages: Specify the amount and basis for compensatory damages: $1,500,000 due to Defendants' willful and deliberate acts of discrimination and retaliation against Plaintiff and the continuing effects including mental anguish, humiliation, inconvenience, loss of enjoyment, and other damages to be specified at trial.

_Margie Robertson_
**SIGNATURE OF PLAINTIFF**

Date: _June 21, 2024_

1304 Rutland Rd.

Address

Memphis, TN 38114

(901) 848-0989

Phone Number

6



**U.S. Department of Justice**

Civil Rights Division

*Disability Rights Section – 4 Con*
*950 Pennsylvania Ave, NW*
*Washington, DC 20530*

March 27, 2024

**VIA EMAIL**: margie_robertson@hotmail.com

Margie Robertson
1304 Rutland Road
Memphis, TN 38114

Re:  EEOC Charge Against:  University of Memphis
    EEOC No.:  490-2022-00346

Dear Ms. Robertson:

### NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

It has been determined that the Department of Justice (the Department) will not file suit on the above-referenced charge of discrimination that was referred to us by the Equal Employment Opportunity Commission (EEOC). This should not be taken to mean that the Department has made a judgment as to whether or not your charge is meritorious.

You are hereby notified that conciliation on your case was unsuccessful by the EEOC. You are further notified that you have the right to institute a civil action under Title I of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12111, et seq., against the above-named respondent. If you choose to commence a civil action, such suit must be filed in the appropriate court within 90 days of your receipt of this Notice.

Therefore, if you wish to pursue this matter, you should consult an attorney at your earliest convenience. If you are unable to find an attorney, you may wish to contact the EEOC or apply to the appropriate court, since that court may appoint an attorney in appropriate circumstances under Section 706(f)(1) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1), referenced in Section 107(a) of the ADA, 42 U.S.C. § 2117(a).

If you or your attorney have any questions concerning this matter or wish to inspect the investigative file, please address your inquiry to:

Edmond Sims
Acting District Director
Memphis District Office
U.S. Equal Employment Opportunity Commission
200 Jefferson Avenue
14th Floor
Memphis, TN 38103


We are forwarding a copy of this Notice of Right to Sue to the Respondent in this case. Enclosed you will find a Notice of Rights under the ADA Amendments Act of 2008 (ADAAA).


Sincerely,
Kristen Clarke
Assistant Attorney General
Civil Rights Division


BY: *Amanda Maisels*
Amanda Maisels
Deputy Chief
Disability Rights Section


Enclosures:
Notice of Rights under the ADAAA


cc: University of Memphis
EEOC- Memphis District Office

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. .A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

➢ **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.

➢ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions,** such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.

➢ **Only one** major life activity need be substantially limited.

➢ With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

➢ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active.**

➢ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months.**

**"Regarded as" coverage:**

➢ An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

➢ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment it to be substantially limiting.

3

➤ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.

➤ A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Memphis District Office**
200 Jefferson Ave, Suite 1400
Memphis, TN 38103
(901) 685-4590
Website: www.eeoc.gov

Margie Robertson
1304 Rutland Rd.
MEMPHIS, TN 38114
UNIVERSITY OF MEMPHIS
315 Administration Building
MEMPHIS, TN 38152
Ceecy Reed
156 Administration Building
Memphis, TN 38152
William Hampton
201 ADMINISTRATION BLDG
Memphis, TN 38152

Re: Margie Robertson v. UNIVERSITY OF MEMPHIS
EEOC Charge Number: 490-2022-00346

The Commission has determined that efforts to conciliate this charge as required by The Americans with Disabilities Act of 1990 (ADA), The Age Discrimination in Employment Act of 1967 (ADEA) and Title VII of the Civil Rights Act of 1964 (Title VII) have been unsuccessful. This letter is the notice required by §1601.25 of the Commission's Regulations, which provides that the Commission shall notify a Respondent in writing when it determines that further conciliation efforts would be futile or non-productive. No further efforts to conciliate this case will be made.

Accordingly, we are at this time forwarding the case to the Department of Justice for litigation review. A determination should be forthcoming in the near future.

On Behalf of the Commission:

Digitally Signed By: Edmond Sims
10/24/2023
_____

Edmond Sims
Acting District Director



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Memphis District Office**

200 Jefferson Ave, Suite 1400
Memphis, TN 38103
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Memphis Direct Dial: (901) 685-4590
FAX (901) 544-0111
Website: www.eeoc.gov

Charge No.: 490-2022-00346

Margie Robertson                                   Charging Party
1304 Rutland Road
Memphis, Tennessee 38114

and

University of Memphis                              Respondent
315 Administration Building
Memphis, Tennessee 38152

## DETERMINATION

Under the authority vested in me by the Commission, I issue the following determination as to the merits of the subject charge filed under Title VII of the Civil Rights Act of 1964, as amended (Title VII), and the Americans with Disabilities Act Amendments Act, 42 U.S.C § 2000 et seq.

Respondent is an employer within the meaning of Title VII, as amended and the Americans with Disabilities Act Amendments Act. All requirements for coverage have been met.

Charging Party alleges Respondent subjected her disparate treatment due to her race (Black) and age (66). Charging Party alleges she received a negative performance evaluation which led to her being placed on a Performance Management Plan (PMP). Charging Party filed an internal complaint in violation of Title VII. Charging Party further alleges she was denied a reasonable accommodation because of her disability and was subsequently terminated. Charging Party maintained Respondent discriminated against her because of her race (Black) in violation of Title VII of the Civil Rights Act of 1964, as amended (Title VII), age (66) in violation of the Age Discrimination in Employment Act of 1967 as amended (ADEA) and in violation of the Americans with Disabilities Act Amendments of 2008 (ADAAA).

Respondent denies the allegations.

Evidence obtained by the Commission revealed Charging Party was hired May 4, 2020, as a Contracts Administrator for the Office of Sponsored Programs and she worked remotely due to the COVID-19 pandemic. Evidence revealed on November 3, 2020, Charging Party received a Valued Performance on her 6-month probationary review. On April 21, 2021, Charging Party received an "improvement plan needed" on her annual review.

Record evidence disclosed on May 2, 2021, Charging Party filed an internal complaint of race and age discrimination. Evidence revealed on April 27, 2022, Respondent placed Charging Party on a Performance Management Plan (PMP) effective through September 2022. On May 3, 2022, Charging Party submitted a request for a reasonable accommodation request to continue working remotely due to her health conditions which was denied. Record evidence revealed on August 16, 2022, Charging Party met with Human Resources to discuss her reasonable accommodation request; and the next day, Charging Party's supervisor recommended her employment be terminated. On August 19, 2022, Charging Party provided additional medical documents to support her reasonable accommodation as requested by Human Resources, however, Charging Party's employment was terminated before the completion of her PMP and the interactive process.

The Americans with Disabilities Act Amendments Act prohibits discrimination based on disability. The Commission determines there is reasonable cause to believe Respondent discriminated and retaliated against Charging Party because of her disability.

With respect to Charging Party's race and age allegations, the evidence failed to substantiate a violation of the statutes.

Having determined there is reasonable cause to believe a violation has occurred, the Commission now invites the parties to join in a collective effort toward a just resolution of this matter. If the Respondent wishes to accept this invitation to participate in conciliation efforts, it may do so by accepting the enclosed agreement as presented, or by providing a written counter proposal to the Commission representative within 14 days of the date of this determination. The assigned Commission Representative for the conciliation process is Federal Investigator Thomas McDaniel. Mr. McDaniel may be reached by telephone at (901) 701-6443 or by email at thomas.mcdaniel@eeoc.gov.

If the Respondent fails to respond within 14 days of the date of this Determination, the Commission may conclude further conciliation efforts would be futile or nonproductive. Where the Respondent declines to enter into settlement discussions, or when the Commission's representative for any other reason cannot secure a settlement acceptable to the Office Director, the Director shall inform the parties in writing and advise them of the court enforcement alternative available to the Aggrieved Parties and the Commission.

Federal law prohibits retaliation against persons who have exercised their right to inquire or to complain about matters they believe may violate the law. Federal law also prohibits discrimination against persons who have cooperated in Commission investigations. These protections against retaliation apply regardless of the Commission's determination on the merits of the charge.

On Behalf of the Commission:

*Karen R. Johnson*

September 28, 2023
Date

*for*    Edmond C. Sims Jr., Acting District Director

Encl.: Proposed Conciliation Agreement

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | EEOC<br>FEPA | **490-2022-00346** |

| Tennessee Human Rights Commission | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| ◈ Name (indicate Mr., Ms., Mrs.) | Home Phone | Year of Birth |
|---|---|---|
| Margie Robertson | (901) 848-0989 | |

Street Address

1304 Rutland Rd.

MEMPHIS, TN 38114

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| UNIVERSITY OF MEMPHIS | 501+ Employees | (901) 678-2713 |

Street Address

315 Administration Building

MEMPHIS, TN 38152

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

Street Address

| DISCRIMINATION BASED ON | DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|---|
| | Earliest | Latest |
| Retaliation, Race, Age, ADA | 06/01/2020 | 8-19-2022 |
| | Continuing Action | |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

On August 16, 2022, I had a meeting with Amanda Clarkson, Director Employee Relations, Benefits and Data Management, and Maria Alam, AVP/Chief Human Resources Officer, to discuss my request for a reasonable accommodation. I had already provided medical documents for my disability. However, I was instructed to provided medical documentation which specifically indicated that my condition is chronic. On August 19, 2022, at approximately 1:30 pm, my medical doctor completed Respondent's ADA form, specifically indicating that my condition is chronic, addressing all of HR's questions, and supporting my requested accommodation, and his office submitted the form to Respondent via fax. On August 19, 2022 at approximately 2:11 pm, I also submitted the completed ADA form from my medical doctor to Respondent via email. On August 19, 2022 during a 3:00 pm Teams virtual meeting (which was supposed to be my regularly scheduled 3:00 pm Friday one-on-one meeting with Stephanie Thompson), Stephanie Thompson and Haneefah Broome of HR terminated my employment, and Haneefah followed up the virtual notification at 3:07 pm with a termination letter via email which was signed by Maria Alam.

I believe I have been discriminated against due to my request for an ADA accommodation and retaliated against and wrongfully terminated in violation of the Americans with Disabilities Act of 1990 and the ADA Amendments Act of 2008. I believe I have been discriminated against due to

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 8/22/22<br>Date     *Margie E Robertson*     Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | EEOC<br><br>FEPA | **490-2022-00346** |
| **Tennessee Human Rights Commission** | | and EEOC |
| *State or local Agency, if any* | | |

my age (40+) and retaliated against and wrongfully terminated in violation of the Age Discrimination in Employment Act of 1967, as amended. I believe I have been discriminated against due to my race (Black) and retaliated against and wrongfully terminated in violation of Title VII of the Civil Rights Act of 1964, as amended.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* Amended charge filed on May 23, 2022 \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

On May 3, 2022, I made Respondent aware of my disability and submitted a reasonable accommodation request to continue working remotely from home. On May 3, 2022, Stephanie Thompson, emailed me that my request was denied and I was forced to take a sick leave of absence.

I believe I have been discriminated against and retaliated against because of my disability in violation of the Americans with Disabilities Act Amendments Act of 2008 (ADAAA).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*Original charge filed on March 4,2022\*\*\*\*\*\*\*\*\*\*\*\*

I was hired by The University of Memphis on or about May 4, 2020, as a Contracts Administrator for the Office of Sponsored Programs (OSP). Shortly after my hire, my immediate supervisor, Stephanie A. Thompson, informed me that there were two young white females (Hannah Yawn and Laura Wright) to whose careers she was committed to advancing. She also made numerous disparaging remarks about several of the older females in our work group and/or who had previously been in OSP. When I began to bring her attention to the fact that her "commitment" to these young white females was adversely impacting my career goals and opportunities, she became retaliatory. Although she constantly praised my work in my presence, she was disparaging my work behind my back, and the significant contributions I had made to the University's contracting efforts as well as my actions to shelter the University from expensive litigation based on the office's contractual agreements became moot, and she gave me a negative evaluation at the end of my six-month probationary period. The salary increases and promotional opportunities that she and I had discussed when I was hired were now being referred to by Ms. Thompson as, "not with this evaluation" and a smile. When I brought my concerns to the attention of Dr. Jasbir Dhaliwal, Ms. Thompson's supervisor, they were met with a show of force behind Ms. Thompson, regardless of the fact that her actions were discriminatory and retaliatory because of my expressed concerns about the discrimination. I attempted to resolve these matters "in house" by contacting Human Resources, but my efforts proved to be futile. Although all of the HR representatives to whom I spoke agreed that Ms. Thompson's actions were discriminatory and retaliatory, the Office of Institutional Equity (OIE) ultimately issued a finding indicating no violation (even though I received an email advising me of the proposed recommendations and what to do if I experienced additional retaliation). Why would they find it appropriate to recommend that Ms. Thompson submit to training relative to employee discrimination, if they legitimately believed she did not engage in such behavior? I appealed OIE's decision to the President's Office (of the University), and that appellate decision, which was actually signed by OIE as opposed to the President of the University (which is a prime example of self-regulation/self-oversight, which is seldom, if ever, effective) affirmed the decision of OIE (itself). While OIE and the University express a commitment to "providing an environment free of harassment and discrimination" and prohibiting retaliation, their actions are far from reflective of that commitment. Ms. Thompson has been allowed to create a hostile work environment by disparaging me to the workers in (and who have contact with) our unit: by taking them to lunch and letting them know that it would not be in their best interest to speak out against her in this matter; by trying to put my work in a negative light in emails that are circulated to internal and external customers of OSP (when the questionable handling of the projects ultimately proved not to be my fault); and by alienating me in the workgroup to the point where I am virtually ostracized in group meetings and/or regarding the sharing of information that was made available to everyone else in the group. All of this has been in response to my complaints regarding discriminatory/disparate treatment. Others in the workgroup have expressed that they are aware of Ms. Thompson's propensity to favor young White female employees over older (especially, Black) female employees, but they have been reluctant to speak out, because she appears to have the unconditional support of Dr. Dhaliwal, regardless of the fact that she is engaging in discrimination. They have made comments that she receives promotions and salary increases as opposed to disciplinary action. Several of them have been the recipients of such treatment, but they decided to leave the workgroup as opposed to speaking out, and most believe that upper management is aware of these discriminatory practices. Ms. Thompson appears to believe that Black on Black discrimination is not actionable and that her discrimination against older females will be tolerated, because this behavior by her has apparently been allowed for some time now. It is heartbreaking to realize that so many people who are or have been under her supervision feel or have felt so powerless. It doesnt exactly inspire hope. The University was recently awarded Carnegie R1 status, which specifically requires the recipient to attest that it does not engage in discrimination and has had no such allegations levied towards it. Most, if not all, of the government contracts to which the University is a party also have this requirement. So, in addition to discriminating and retaliating against its staff, the University is also being allowed

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 8/22/22<br>*Date*     *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | EEOC<br>FEPA | **490-2022-00346** |

| Tennessee Human Rights Commission | and EEOC |
|---|---|
| *State or local Agency, if any* | |

to gain prestige as well as socio-economic advantages by responding falsely to questions on applications and/or questionnaires. I have selflessly engaged in efforts to protect the University's reputation and legal position since I was hired to my position, but I feel that the Universitys concern for my career goals and my expectations of professional decency and equity have been undermined by the Universitys unjustified protection of discriminatory and retaliatory treatment by its supervisory staff, and I am seeking the assistance of EEOC in addressing this injustice. I believe I have been discriminated against due to my age (40+) and retaliated against in violation of the Age Discrimination in Employment Act of 1967, as amended. I believe I have been discriminated against due to my race (Black) and retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 8/22/22 *Date*          *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | EEOC<br>FEPA | **490-2022-00346** |

| **Tennessee Human Rights Commission** | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)*<br><br>**Margie Robertson** | Home Phone<br><br>(901) 848-0989 | Year of Birth |
|---|---|---|

Street Address

1304 Rutland Rd.

MEMPHIS, TN 38114

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name<br><br>UNIVERSITY OF MEMPHIS | No. Employees, Members<br><br>501+ Employees | Phone No.<br><br>(901) 678-2713 |
|---|---|---|

Street Address

315 Administration Building

MEMPHIS, TN 38152

| Name | No. Employees, Members | Phone No. |
|---|---|---|

Street Address

| DISCRIMINATION BASED ON<br><br><br>Retaliation, Race, Age, ADA | DATE(S) DISCRIMINATION TOOK PLACE<br><br>Earliest            Latest<br>06/01/2020     5-23-2022<br><br>Continuing Action |
|---|---|

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

****************************** Amended charge filed on May 23, 2022 ***************************

On May 3, 2022, I made Respondent aware of my disability and submitted a reasonable accommodation request to continue working remotely from home. On May 3, 2022, Stephanie Thompson, emailed me that my request was denied and I have been forced to use sick leave ever since due to my medical condition.

I believe I have been discriminated and retaliated against because of my disability in violation of the Americans with Disabilities Act Amendments Act of 2008 (ADAAA).

**************************Original charge filed on March 4,2022*************

I was hired by The University of Memphis on or about May 4, 2020, as a Contracts Administrator for the Office of Sponsored Programs (OSP).Shortly after my hire, my immediate supervisor, Stephanie A. Thompson, informed me that there were two young white females (Hannah Yawn and Laura Wright) to whose careers she was committed to advancing. She also made numerous disparaging remarks about several of the older females in our

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>5/23/2022    *Margie E Robertson*<br>Date                *Charging Party Signature* | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED   AND   SWORN   TO   BEFORE   ME   THIS   DATE<br>*(month, day, year)* |

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form | EEOC<br><br>FEPA | **490-2022-00346** |
| **Tennessee Human Rights Commission** | | and EEOC |
| *State or local Agency, if any* | | |

work group and/or who had previously been in OSP. When I began to bring her attention to the fact that her "commitment" to these young white females was adversely impacting my career goals and opportunities, she became retaliatory. Although she constantly praised my work in my presence, she was disparaging my work behind my back, and the significant contributions I had made to the University's contracting efforts as well as my actions to shelter the University from expensive litigation based on the office's contractual agreements became moot, and she gave me a negative evaluation at the end of my six-month probationary period. The salary increases and promotional opportunities that she and I had discussed when I was hired were now being referred to by Ms. Thompson as, "not with this evaluation" and a smile. When I brought my concerns to the attention of Dr. Jasbir Dhaliwal, Ms. Thompson's supervisor, they were met with a show of force behind Ms. Thompson, regardless of the fact that her actions were discriminatory and retaliatory because of my expressed concerns about the discrimination. I attempted to resolve these matters "in house" by contacting Human Resources, but my efforts proved to be futile. Although all of the HR representatives to whom I spoke agreed that Ms. Thompson's actions were discriminatory and retaliatory, the Office of Institutional Equity (OIE) ultimately issued a finding indicating no violation (even though I received an email advising me of the proposed recommendations and what to do if I experienced additional retaliation). Why would they find it appropriate to recommend that Ms. Thompson submit to training relative to employee discrimination/retaliation, if they legitimately believed she did not engage in such behavior? I appealed OIEs decision to the President's Office (of the University), and that appellate decision, which was actually signed by OIE as opposed to the President of the University (which is a prime example of self-regulation/self-oversight, which is seldom, if ever, effective) affirmed the decision of OIE (itself). While OIE and the University express a commitment to "providing an environment free of harassment and discrimination" and prohibiting retaliation, their actions are far from reflective of that commitment. Ms. Thompson has been allowed to create a hostile work environment by disparaging me to the workers in (and who have contact with) our unit; by taking them to lunch and letting them know that it would not be in their best interest to speak out against her in this matter; by trying to put my work in a negative light in emails that are circulated to internal and external customers of OSP (when the questionable handling of the projects ultimately proved not to be my fault); and by alienating me in the workgroup to the point where I am virtually ostracized in group meetings and/or regarding the sharing of information that was made available to everyone else in the group. All of this has been in response to my complaints regarding discriminatory/disparate treatment. Others in the workgroup have expressed that they are aware of Ms. Thompson's propensity to favor young White female employees over older (especially, Black) female employees, but they have been reluctant to speak out, because she appears to have the unconditional support of Dr. Dhaliwal, regardless of the fact that she is engaging in discrimination. They have made comments that she receives promotions and salary increases as opposed to disciplinary action. Several of them have been the recipients of such treatment, but they decided to leave the workgroup as opposed to speaking out, and most believe that upper management is aware of these discriminatory practices. Ms. Thompson appears to believe that Black on Black discrimination is not actionable and that her discrimination against older females will be tolerated, because this behavior by her has apparently been allowed for some time now. It is heartbreaking to realize that so many people who are or have been under her supervision feel or have felt so powerless. It doesnt exactly inspire hope. The University was recently awarded Carnegie R1 status, which specifically requires the recipient to attest that it does not engage in discrimination and has had no such allegations levied towards it. Most, if not all, of the government contracts to which the University is a party also have this requirement. So, in addition to discriminating and retaliating against its staff, the University is also being allowed to gain prestige as well as socio-economic advantages by responding falsely to questions on applications and/or questionnaires. I have selflessly engaged in efforts to protect the University's reputation and legal position since I was hired to my position, but I feel that the University's concern for my career goals and my expectations of professional decency and equity have been undermined by the University's unjustified protection of discriminatory and retaliatory treatment by its supervisory staff, and I am seeking the assistance of EEOC in addressing this injustice. I believe I have been discriminated against due to my age (40+) and retaliated against in violation of the Age Discrimination in Employment Act of 1967, as amended. I believe I have been discriminated against due to my race (Black) and retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 5/23/2022        Margie E Roberts.—<br>*Date*              *Charging Party Signature* | SUBSCRIBED    AND    SWORN    TO    BEFORE    ME    THIS    DATE<br>*(month, day, year)* |

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | EEOC   FEPA | **490-2022-00346** |

| **Tennessee Human Rights Commission** | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone | Year of Birth |
|---|---|---|
| Margie Robertson | (901) 848-0989 | 1957 |

| Street Address |
|---|
| P.O. Box 140356 |
| MEMPHIS, TN 38114 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| UNIVERSITY OF MEMPHIS | 501+ Employees | (901) 678-2713 |

| Street Address |
|---|
| 315 Administration Building |
| MEMPHIS, TN 38152 |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
|  |  |  |

| Street Address |
|---|
|  |

| DISCRIMINATION BASED ON | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
|  | Earliest — 06/01/2020      Latest — 03/04/2022 |
| Retaliation, Race, Age | |
|  | Continuing Action |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I was hired by The University of Memphis on or about May 4, 2020, as a Contracts Administrator for the Office of Sponsored Programs (OSP).Shortly after my hire, my immediate supervisor, Stephanie A. Thompson, informed me that there were two young white females (Hannah Yawn and Laura Wright) to whose careers she was committed to advancing. She also made numerous disparaging remarks about several of the older females in our work group and/or who had previously been in OSP. When I began to bring her attention to the fact that her "commitment" to these young white females was adversely impacting my career goals and opportunities, she became retaliatory. Although she constantly praised my work in my presence, she was disparaging my work behind my back, and the significant contributions I had made to the University's contracting efforts as well as my actions to shelter the University from expensive litigation based on the office's contractual agreements became moot, and she gave me a negative evaluation at the end of my six-month probationary period. The salary increases and promotional opportunities that she and I had discussed when I was hired were now being referred to by Ms. Thompson as, "not with this evaluation" and a smile. When I brought my concerns to the attention of Dr. Jasbir Dhaliwal, Ms. Thompson's supervisor, they were met with a show of force behind Ms. Thompson, regardless of the fact that her actions were discriminatory and retaliatory because of my expressed concerns about the discrimination. I attempted to resolve these matters "in

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| Date _____  Charging Party Signature _____ | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | EEOC  FEPA | 490-2022-00346 |

| Tennessee Human Rights Commission | and EEOC |
|---|---|
| *State or local Agency, if any* | |

house" by contacting Human Resources, but my efforts proved to be futile. Although all of the HR representatives to whom I spoke agreed that Ms. Thompson's actions were discriminatory and retaliatory, the Office of Institutional Equity (OIE) ultimately issued a finding indicating no violation (even though I received an email advising me of the proposed recommendations and what to do if I experienced additional retaliation). Why would they find it appropriate to recommend that Ms. Thompson submit to training relative to employee discrimination, if they legitimately believed she did not engage in such behavior? I appealed OIEs decision to the President's Office (of the University), and that appellate decision, which was actually signed by OIE as opposed to the President of the University (which is a prime example of self-regulation/self-oversight, which is seldom, if ever, effective) affirmed the decision of OIE (itself). While OIE and the University express a commitment to "providing an environment free of harassment and discrimination" and prohibiting retaliation, their actions are far from reflective of that commitment. Ms. Thompson has been allowed to create a hostile work environment by disparaging me to the workers in (and who have contact with) our unit; by taking them to lunch and letting them know that it would not be in their best interest to speak out against her in this matter; by trying to put my work in a negative light in emails that are circulated to internal and external customers of OSP (when the questionable handling of the projects ultimately proved not to be my fault); and by alienating me in the workgroup to the point where I am virtually ostracized in group meetings and/or regarding the sharing of information that was made available to everyone else in the group. All of this has been in response to my complaints regarding discriminatory/disparate treatment. Others in the workgroup have expressed that they are aware of Ms. Thompson's propensity to favor young White female employees over older (especially, Black) female employees, but they have been reluctant to speak out, because she appears to have the unconditional support of Dr. Dhaliwal, regardless of the fact that she is engaging in discrimination. They have made comments that she receives promotions and salary increases as opposed to disciplinary action. Several of them have been the recipients of such treatment, but they decided to leave the workgroup as opposed to speaking out, and most believe that upper management is aware of these discriminatory practices. Ms. Thompson appears to believe that Black on Black discrimination is not actionable and that her discrimination against older females will be tolerated, because this behavior by her has apparently been allowed for some time now. It is heartbreaking to realize that so many people who are or have been under her supervision feel or have felt so powerless. It doesnt exactly inspire hope. The University was recently awarded Carnegie R1 status, which specifically requires the recipient to attest that it does not engage in discrimination and has had no such allegations levied towards it. Most, if not all, of the government contracts to which the University is a party also have this requirement. So, in addition to discriminating and retaliating against its staff, the University is also being allowed to gain prestige as well as socio-economic advantages by responding falsely to questions on applications and/or questionnaires. I have selflessly engaged in efforts to protect the University's reputation and legal position since I was hired to my position, but I feel that the Universitys concern for my career goals and my expectations of professional decency and equity have been undermined by the Universitys unjustified protection of discriminatory and retaliatory treatment by its supervisory staff, and I am seeking the assistance of EEOC in addressing this injustice.I believe I have been discriminated against due to my age (40+) and retaliated against in violation of the Age Discrimination in Employment Act of 1967, as amended. I believe I have been discriminated against due to my race (Black) and retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.  SIGNATURE OF COMPLAINANT |
| I declare under penalty of perjury that the above is true and correct. | |
| | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |
| _____ _____  *Date*                               *Charging Party Signature* | |

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

## Re: PLEASE SEE EMAILS BELOW! THIS HOSTILE WORK ENVIRONMENT IS REALLY BECOMING OPPRESSIVE!

**Jafus Jones II (jjonesii) <jjonesii@memphis.edu>**

Thu 9/23/2021 12:58 PM

To: Margie E Robertson (mrbrtson) <Margie.Robertson@memphis.edu>

I can give you an idea of what the recommendations are because they could actually be tweaked a little during the review. But we will recommend additional pay, harassment training for the supervisor, and a different report structure (management) for you.

It could change but that is some of the main recommendations.

---

**From:** Margie E Robertson (mrbrtson) <Margie.Robertson@memphis.edu>
**Sent:** Thursday, September 23, 2021 12:36 PM
**To:** Jafus Jones II (jjonesii) <jjonesii@memphis.edu>
**Subject:** Re: PLEASE SEE EMAILS BELOW! THIS HOSTILE WORK ENVIRONMENT IS REALLY BECOMING OPPRESSIVE!

By the way, am I allowed to know what recommendation is being made to Dr. Dhaliwal?

Margie E. Robertson, JD
Sponsored Programs Administrator | Contracts Administrator
Division of Research and Innovation



The University of Memphis
315 Administration Building
Memphis, TN 38152
901-678-5071 (office) | 901-848-0989 (cell)
Margie.Robertson@memphis.edu

**f 𝕐 ⓘ**

---

**From:** Jafus Jones II (jjonesii) <jjonesii@memphis.edu>
**Sent:** Thursday, September 23, 2021 10:31 AM
**To:** Margie E Robertson (mrbrtson) <Margie.Robertson@memphis.edu>
**Subject:** Re: PLEASE SEE EMAILS BELOW! THIS HOSTILE WORK ENVIRONMENT IS REALLY BECOMING OPPRESSIVE!

Hi Mrs. Margie,

I understand the frustration. The complaint will be going for review tomorrow and we are reaching out to Dr. Dhaliwal on Monday to inform him about the recommendations in place. Once legal has reviewed the report and the recommendations it will be sent out. So hang in there

*Submitted on March 2, 2021 at 11:58:00 am CST*

| | |
|---|---|
| Nature: | **Discrimination** |
| Urgency: | **Normal** |
| Incident Date and Time: | **2021-03-02  ongoing** |
| Incident Location: | **Online Remote evaluation; remote communications** |

Reported by

| | |
|---|---|
| Name: | **Margie Robertson** |
| Title: | **Sponsored Programs Administrator** |
| Email: | **margie_robertson@hotmail.com** |
| Phone: | **(901) 848-0989** |
| Address: | |
| | **[UNAUTHENTICATED]** |

Involved Parties

**Margie Robertson ()**                                                                      margie_robertson@hotmail.com        901-848-0989
Complainant                                 Female

**Stephanie Thompson ()**                                                              sthmps24@memphis.edu
Respondent                                  Female

Questions

Please indicate the protected status(es) that form the basis of the alleged discrimination or harassment. Please select all that apply:
**Age, Race or Ethnicity, Retaliation**

In your own words, briefly describe the discriminatory, harassing, or retaliatory incident(s). Please begin with the most recent incident and explain how the behavior or action relates to a protected class. If you are alleging retaliation, be specific as to why the person is retaliating against you.  Please be as detailed as possible:
**This complaint is about discrimination (race and age), harassment, and retaliation.**

**The most recent instance of retaliation/threatened retaliation occurred in a meeting today (3/02/21) between the Respondent, Jasbir Dhaliwal and me, Respondent proclaimed that my performance had declined in the positive areas of my evaluation from November 2020, a comment that is totally without basis but which appears to be a precursor for further, and more detrimental, retaliatory actions, which concerns me.**

**Please see attached email explanations to Robynn Hopkins (Human Resources) regarding the bases for these allegations.  Additional examples and further explanations are available.**

Describe why you believe the incident described was related to the protected status indicated above, or why you believe you were retaliated against:
**Please see attached emails to Human Resources.  While Ms. Thompson erroneously believes that racial discrimination would not apply because both of us are Black, that is absolutely incorrect, because it occurs with greater frequency than anyone would like to admit.  When Blacks develop the mentality that there is only room for "one of us" at a particular level in an organization, they engage in behavior such as Ms. Thompson is engaging in order to discredit and sabotage another Black person (typically of their same sex, as Stephanie is doing here) in order to protect their own status (whether perceived or real).  Such unwarranted behavior is discriminatory and should not be ignored or supported by the University.**

Describe how you would like the complaint to be resolved. Please be as specific as possible:
**I would like Ms. Thompson to discontinue the behavior; I would like a conversation ending in an apology; I**

would like Ms. Thompson to objectively evaluate my recommendation about how I could better manage this increased workload single-handedly if she would merely reassign some of the administrative/clerical duties to someone else (she has mentioned hiring a temp), so I can focus on the contracts (drafting, reviewing, revising, researching (when necessary), and negotiating.  [Ms. Thompson is currently pretending to decrease my workload by reassigning some of my work to the individual whose career she had made a verbal commitment to advance.  However, all she is doing is padding that person's resume with the appearance of doing contract work, which I either have to review and correct (which is more difficult and time-consuming than doing it myself from the start) or which is executed and distributed regardless of its accuracy or enforceability, contrary to the best interests of the University and apparently done with the "blessings" of Ms. Thompson; and, for purposes of equity and fairness, I would like a salary increase/job reclassification consistent with my predecessor's (a White male) classification, which is consistent with the level of work assigned to me, even though the title was changed.  While I understand that we are under challenging budget restrictions, salary adjustments and re-classifications have been recently effected for other individuals whose salaries were inferior to their obligations, and I believe the same level of consideration would be appropriate here, as opposed to trying to discontinue my employment under the guise of legitimacy.

Please select any agencies or departments who have been made aware of the incident(s):
**HR Employee Relations**

RIGHT TO AN ADVISOR: A Complainant or Respondent may elect their right to an advisor who can be present at meetings/interview(s) and play a support role. If you indicate you will have an advisor, you are authorizing that individual to accompany you to any meetings and/or interview(s) regarding this complaint. The role of the advisor is limited to observing and consulting with you.
**I acknowledge that I have been informed of the rights of both the Complainant and Respondent to have an advisor.**

CONFIDENTIALITY:

This complaint will be handled as confidentially as is reasonably possible. Only persons associated with handling the University's response to the report will be informed of this complaint. Persons with knowledge of this complaint are prohibited from sharing any personally identifying information regarding involved parties. If you would like to report an incident, but wish to maintain confidentiality, or request that no investigation into your complaint be conducted or disciplinary action taken, the University will weigh that request against its obligation to provide a safe, non-discriminatory environment for all members of the campus community, which includes the Complainant.
**I acknowledge that I have been informed of the University's confidentiality policy.**

ANTI-RETALIATION:

The University will not tolerate retaliation against any person making a complaint of discrimination or harassment, or against any person cooperating in the investigation of alleged acts. Retaliation includes, but is not limited to, intimidation, threats, or harassment against any complainant or third party. Individuals who are alleged to engage in retaliatory tactics may face disciplinary action independent of the sanction or interim measures imposed in response to the underlying allegations.
**I acknowledge that I have been informed of the University's anti-retaliation policy and certify that the information given in this complaint is true and correct to the best of my knowledge or belief.**

Attachments

020821emailtojdreissued.pdf
021121emailtorhmetryingnottopursueformalcomplt2.pdf
021121emailtorhmetryingnottopursueformalcomplt3.pdf
021121emailtorhmetryingnottopursueformalcomplt1.pdf
021521emailtorhwithmoredetails.pdf
021921emailfromhyrespondingtodocumentsherevised.pdf
021921emailtorhstbehaviorescalating.pdf
022521emailresponsetorhaboutmtgwithjdandst.pdf

022521emailtojdreworkandresponsetomakeapptwithhim.pdf
022521followupemailtorh.pdf
performanceappraisalbyst110320.pdf

*Pending IR #00009933*
*Submitted from 75.65.22.175 and routed to Emily Richardson Gerrell (Coordinator). Processed by routing rule #39.*
*Copies to: oie@memphis.edu*