# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

**MARGIE ROBERTSON,**

      **Plaintiff,**

v.                                                                                     **Case 2: 24-cv-02429-TLP-cgc**

**THE UNIVERSITY OF MEMPHIS,**
**JASBIR DHALIWAL, in his official**
**and individual capacity, and STEPHANIE**
**THOMPSON, in her official and**
**individual capacity,**

      **Defendants.**

## REPORT AND RECOMMENDATION ON
## DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT

      Before the Court is Defendants' Motion to Dismiss Amended Complaint,[1] which was filed pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docket Entry ("D.E." #23). Pursuant to Administrative Order 2013-05, the instant motion has been referred to the United States Magistrate Judge for Report and Recommendation. For the reasons set forth herein, it is RECOMMENDED that Defendants' Motion to Dismiss be GRANTED IN PART AND DENIED IN PART.

      **I.**       **Introduction**

      This case arises from Plaintiff's employment with The University of Memphis (the "University"). On June 21, 2024, Plaintiff filed a *pro se* Complaint (D.E. #1), which she amended

---

[1] While Defendants' motion is titled "Motion to Dismiss Amended Complaint," it does not seek dismissal of all claims and is, thus, a partial motion to dismiss.

as a matter of course on August 6, 2024 (D.E. #20).  Plaintiff's Amended Complaint alleges as follows.

Plaintiff was hired by The University of Memphis on or about May 4, 2020 as a Contracts Administrator for the Office of Sponsored Programs ("OSP").  (Am. Compl. at PageID 83, ¶ F).  Shortly after Plaintiff was hired, her immediate supervisor, Stephanie Thompson ("Thompson"), who is a Black female, informed her that there were two young White females whose careers Thompson was committed to advancing.  (*Id*.)  Thompson also made numerous disparaging remarks about several of the older females who were previously or currently in the work group.  (*Id*. at PageID 84, ¶ F).  Plaintiff informed Thompson that she believed her actions were discriminatory towards her as an older Black female who had more credentials and experience than the younger White employees, at which time Plaintiff alleges that Thompson became retaliatory.  (*Id*.)

Plaintiff then took her complaints to Thompson's supervisor, Jasbir Dhaliwal ("Dhaliwal"), to the University's Office of Institutional Equity ("OIE"), to Human Resources, and to the President of the University.  (*Id*.)  Plaintiff states that the OIE's investigation determined that Plaintiff's allegations were "founded" but that the investigator's report was "stifled."  (*Id*.)  Plaintiff alleges that, instead of facing a disciplinary action, Thompson received promotions and salary increases.  (*Id*.)

Plaintiff alleges that others in her workgroup expressed that they were aware that Thompson favored "young While female employees over older (especially, Black) female employees" but that they did not speak out because they believed Thompson had the full support of Dhaliwal.  (*Id*.)  Plaintiff states that other older Black female employees had received similar

treatment but left the work group instead of speaking out because "most believed that upper management was and is aware of these discriminatory practices." (*Id*.)

As causes of action, Plaintiff alleges violations of the following federal employment laws: Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*. ("Title VII"); the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621, *et seq*. ("ADEA"); and, the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112, *et seq*. ("ADA"). (*Id*. at PageID 77, ¶ 1A, 1B & 1C). Further, Plaintiff seeks to bring tort claims under Tennessee law "due to the negligent oversight, supervision, and management" the "negligent lack of enforcement of the above-referenced" federal employment laws. (*Id*. at PageID 77, P2B).

In her prayer for relief, Plaintiff requests as follows: (1) that the Court direct Defendants to re-employ Plaintiff; (2) that the Court direct the Defendants to promote her to "at least the same position title(s) and pay level(s) to which Plaintiff's similarly situated and less qualified Caucasian counterpart . . . was promoted" by Thompson; (3) that the Court order other equitable or injunctive relief against Defendants, such as removing false negative performance evaluations and notes of her wrongful termination in her employment record and any and all other related records; (4) that the Court direct Defendants to pay back pay; and, (5) that the Court order Defendants to pay compensatory damages. (*Id*. at PageID 86-87).

On August 20, 2024, Defendants filed their Motion to Dismiss Amended Complaint[2]. (D.E. #23). Defendants seek dismissal of certain claims based upon immunity provided by the Eleventh Amendment of the United States Constitution. They also state that Plaintiff's claims

---

[2] It is RECOMMENDED that the Motion to Dismiss filed at docket entry 18 be DENIED AS MOOT as Plaintiff filed an Amended Complaint and the Defendants filed a subsequent Motion to Dismiss Amended Complaint which is analyzed here.

under Title VII, ADA, and ADEA should be dismissed for failure to state a claim of intentional discrimination.  As to Plaintiff's ADEA and ADA claims, Defendants argue that Plaintiff's claims should be dismissed with prejudice as to (a) the University in its entirety; (b) Dhaliwal and Thompson, to the extent Plaintiff seeks money damages; (c) Thompson in her official capacity, as she is no longer employed by the University and as any substituted party would be duplicative; and, (d) Dhaliwal and Thompson in their individual capacities, in their entirety.  As to Plaintiff's Title VII claims, Defendants argue that they should be dismissed against Dhaliwal and Thompson in their official and individual capacities.

On August 26, 2024, Plaintiff filed her Response to Defendants' Motion to Dismiss Amended Complaint.  (D.E. #24).  Plaintiff argues that Defendants are not entitled to Eleventh Amendment immunity on their federal discrimination claims and that their Eleventh Amendment immunity is removed under the Tennessee Governmental Tort Liability Act.

## II.      Legal Standard

### a.  *Eleventh Amendment Immunity*

By its terms, the Eleventh Amendment to the United States Constitution precludes suits "in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const., amend. XI.  The United States Supreme Court has repeatedly held that an unconsenting State is also immune from suits by its own citizens.  *Tenn. Student Assistance Corp. v. Hood*, 541 U.S. 440, 446 (2004) (citations omitted).  A suit against a state agency or department is considered a suit against the State itself for purposes of Eleventh Amendment immunity.  *Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1983) (citations omitted).  For this reason, a suit against a state university is considered a suit against the State.  *See Boyd v. Tenn. State Univ.*, 848 F. Supp. 111, 113-14 (M.D.

Tenn. 1994); Tenn. Code Ann. § 49-8-101(a) (establishing a state university system, which includes the University). Furthermore, a suit against a state official in his or her official capacity are considered suits against the State. *Will v. Mich. Dep't of St. Police*, 491 U.S. 58, 71 (1989) (citations omitted).

Certain exceptions to Eleventh Amendment immunity exist. First, Congress may abrogate Eleventh Amendment immunity with an unequivocal expression of congressional intent to do so. *Atascadero St. Hosp. v. Scanlon*, 473 U.S. 234, 238 (1985). Second, a State may waive immunity by its own consent to be sued in federal court. *Id*. Third, a State may consent to suit by express legislative act or through other certain conduct, such as removal of a suit to federal court. *Lapides v. Bd. Of Regents of Univ. of Ga.*, 535 U.S. 613, 624. Here, the State has neither waived immunity nor has it consented to suit in another manner.

  b. *Rule 12(b)(1)*

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). When a plaintiff brings claims against the State that are barred by Eleventh Amendment immunity, the proper vehicle for dismissal is Rule 12(b)(1), as federal courts do not have jurisdiction to hear such claims. *See, e.g. Al-Janabi v. Wayne State Univ.*, No. 21-1399, 2021 WL 8264677, *1 (6th Cir. Dec. 15, 2021). Such a challenge to subject matter jurisdiction is generally considered to be a facial attack, which requires that the Court evaluate the face of the pleading itself and consider the allegations pleaded therein as true. *See e.g., Benjamin Henricks v. John Kasich*, No. 2:12-cv-729, 2013 WL 2243873, at *6-*7 (S.D. Ohio May 21, 2013) (citations omitted).

  c. *Rule 12(b)(6)*

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In addressing a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in the light most favorable to plaintiff and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of legal conclusions. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . .claim is and the grounds upon which it rests." *Id.* (citing *Twombly*, 550 U.S. at 555).

Nonetheless, a complaint must contain sufficient facts "state a claim to relief that is plausible on its face'" to survive a motion to dismiss. *Twombly*, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 US. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." *Id.* at 678-79.

Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal

pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)).  The basic pleading essentials are not abrogated in pro se cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)  A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal quotations and emphasis omitted).  District Courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004).  District Courts are also not "required to create" a pro se litigant's claim for him. *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003).

    **III.**    **Proposed Analysis and Conclusions of Law**

        *a.  ADEA & ADA*

With respect to Plaintiff's ADEA and ADA claim against the University, the United States Supreme Court has held that neither statute contains a valid waiver of Eleventh Amendment immunity.  *See Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 91 (2000) (ADEA); *Bd. of Trs. of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 363-74 (2001) (Title I ADA employment claims).  Thus, a plaintiff may not pursue a claim against the State under either ADEA or ADA in federal court.  Accordingly, it is RECOMMENDED that Plaintiff's ADEA and ADA claims against the University must be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.  It is further RECOMMENDED that Plaintiff's ADEA and ADA claims against Dhaliwal and Thompson in their official capacities for money damages must

be dismissed pursuant to Rule 12(b)(1) for the same reason, as they must be construed as claims against the State itself.

With respect to any claims for prospective relief under the ADEA and ADA, such as reinstatement and expungement of an employment record, Plaintiff could bring such claims against Dhaliwal and Thompson in their official capacities under the *Ex parte Young* exception. *See Ex parte Young*, 209 U.S. 123, 155-156, 159 (1908); *see also Green v. Mansour*, 474 U.S. 64, 68 (1985) (citing *id.*). However, prospective relief can only be awarded against a defendant in their official capacity if they remain employed by the State – in this case, the University. *See Ashford v. Univ. of Mich.*, 89 F.4th 960, 970 (6th Cir. 2024). Plaintiff's Amended Complaint alleges that Dhaliwal is a "current official" of the University, but that Thompson is a "former official" of the University. (Am. Compl. at PageID 81). Accordingly, it is RECOMMENDED that Plaintiff's ADEA and ADA claims against Dhaliwal in his official capacity seeking prospective relief should be DENIED but that Plaintiff's ADEA and ADA claims against Thompson in her official capacity seeking prospective relief must be GRANTED.[3]

Finally, the ADEA and ADA do not provide a basis for individual liability for supervisory employees. *Pigott v. Battle Ground* Academy, 909 F. Supp. 2d 949, 958 (M.D. Tenn. Nov. 15, 2012) (citing *Hiler v. Brown*, 177 F.3d 542, 546 (6th Cir. 1999) (ADEA); *Timothy Williams v. Barry McLemore*, No. 05-2678, 2007 WL 1748146, at *6 (6th Cir. 2007) (ADA); *Marilyn Faye Cole v. Andrew Taber*, No. 05-2845 MA/P, 2007 WL 9706390, at *2 (W.D. Tenn. Oct. 4, 2007)

---

[3] Defendants' motion correctly notes that *Ashford* permits a current employee to be substituted in place of the former employee if the substitution would not be duplicative, *see* 89 F.4th at 970; however, Plaintiff has made no request to substitute any party in Thompson's place, and thus it cannot be considered by this Court. Further, as the prospective relief requested by Plaintiff can be granted against Dhaliwal in his official capacity, it would be duplicative.

(ADA). Thus, Dhaliwal and Thompson, in their individual capacities, are not proper defendants. Thus, to the extent that Plaintiff's Amended Complaint asserts such claims under the ADA and ADEA against Dhaliwal and Thompson in their individual capacities, they should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted.

### b. Title VII

With respect to Plaintiff's Title VII claims against the University, Defendants concede that Congress has abrogated Eleventh Amendment immunity to these claims. Accordingly, Defendants' motion does not seek dismissal of these claims pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.

Defendants do argue, however, that the gravamen of Plaintiff's Amended Complaint lies in negligence and, thus, fails to state a claim for intentional discrimination under Title VII and should be dismissed pursuant to Rule 12(b)(6). However, upon the Court's review of the Amended Complaint, Plaintiff expressly seeks to pursue both Title VII claims and negligence claims. (*See* Am. Compl. at PageID 77-78, 82-85). She reiterates this in her Response to the instant motion. (*See* Resp. at PageID 112) ("In addition to the Civil Rights violations by Defendants, this Cause of Action also arises in tort . . . ."). Accordingly, it is RECOMMENDED that the mere inclusion of Plaintiff's negligence claims is insufficient for Plaintiff's expressly pled Title VII claims to be dismissed and that Defendants' motion to dismiss Plaintiff's Title VII claims pursuant to Rule 12(b)(6) should be DENIED.

With respect to Plaintiff's Title VII claims against Dhaliwal and Thompson in their official capacities, "an official capacity suit . . . brought against a government official . . . is simply another way of pleading an action against the governmental entity of which the individual is an agent."

*Kevin Kelliher v. DXC Tech. Srvs., LLC*, No. 19-13316, 2020 WL 12689446, at *3 (E.D. Mich. Oct. 29, 2020) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). Thus, these claims are duplicative to the claims Plaintiff has brought against the University. Accordingly, it is RECOMMENDED that they be dismissed.

With respect to Plaintiff's Title VII claims against Dhaliwal and Thompson in their individual capacities, Title VII does not permit such claims. *See Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 403-06 (6th Cir. 1997). Accordingly, it is RECOMMENDED that any such claims that Plaintiff seeks to raise against Dhaliwal and Thompson be DISMISSED.

### c. *Tennessee Governmental Tort Liability Act*

Finally, Plaintiff seeks to raise claims of "negligent oversight, supervision, and management" and "negligent law of enforcement" of various discrimination pursuant to the Tennessee Governmental Tort Liability Act. However, the TGTLA does not apply to the State or is agencies or departments such as the University. *See Tennessee Dep't of Mental Health & Mental Retardation v. Hughes*, 531 S.W.2d 299, 300 (Tenn. 1975). Accordingly, it is RECOMMENDED that these claims be dismissed.

### IV. Conclusion

For the reasons set forth herein, it is RECOMMENDED that Defendants' Motion to Dismiss be GRANTED IN PART AND DENIED IN PART.

Signed this 3rd day of January 2025

                                              s/ Charmiane G. Claxton
                                              CHARMIANE G. CLAXTON
                                              UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF THE OPPORTUNITY TO RAISE OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**