RECEIVED
JAN 13 2025
Wendy R Oliver, Clerk
U.S. District Court
W.D. OF TN, Memphis

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

Margie Robertson,

      Plaintiff,                        Cause No.:   2:24-cv-2429-tlp-cgc

vs.                                        JURY DEMAND

The University of Memphis, Jasbir Dhaliwal,
Individually and in his official capacity, and
Stephanie A. Thompson, individually and in her
Official capacity,

      Defendants.

---

## PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT

---

COMES NOW THE PLAINTIFF, Margie Robertson, Pro Se (hereinafter, "Plaintiff"), pursuant to Federal Rule of Civil Procedure 72 and 28 U.S.C. §636(b)(1) and timely responds to the Magistrate's Report and Recommendation on Defendants' Motion to Dismiss Amended Complaint ("MTD"), which was filed with the Court on January 3, 2025.

### OBJECTIONS

1. Plaintiff's initial objection refers to the overall tone of the Magistrate's Report and Recommendation. Every suggestion, insinuation and/or recommendation rallying for the granting of Defendants' Motion to Dismiss appears to be based on arguments presented by the Defendants in this matter, as will be delineated in the following enumerated objections. The Magistrate appears to either have not read, reviewed or considered Plaintiff's arguments in her Report and focuses on references made in Defendants' submissions to the detriment of Plaintiff, touting

1

Defendants' arguments as more valid that those of Plaintiff, even though Plaintiff's arguments are not only viable but based on either statute or case law.

2.  **Eleventh Amendment Immunity**.  Plaintiff objects to Section II of the Magistrate's Recommendation in its entirety, in which she repeats Defendants' case law and arguments from their MTD as if they are her own, without referring to any validity of the arguments of Plaintiff in Plaintiff's Response to Defendants' Motion to Dismiss Amended Complaint. While the provisions noted by the Magistrate in *Tenn. Student Assistance Corp. v. Hood,* 541 U.S. 440, 446 (2004), *Pennhurst St. Sch. & Hosp. v. Halderman,* 476 U.S. 89, 100 (1983), *Boyd v. Tenn. State Univ.* 848 F. Supp. 111, 113-14 (M.D. Tenn, 1994), and *Will v. Mich. Dep't of St. Police,* 491 U.S. 58, 71 (1989), none of those cases, which were also cited by Defendants in their MTD, preclude, negate or invalidate Plaintiff's arguments that, in this matter, Defendants are not protected by Eleventh Amendment Immunity. Plaintiff correctly argues in her Response to Def. Motion to Dismiss Amended Complaint that, "In 1986, Congress passed *Pub. L. No. 99-506, § 1003, 100 Stat. 1845,* which removed state immunity under the Eleventh Amendment for suits under several laws [which include the laws listed below] that prohibit discrimination by recipients of federal financial assistance, and that The University of Memphis receives federal financial assistance. This law requires states to waive their immunity as a condition of receiving federal funds. Since Plaintiff's case is clearly anchored in the premise that Defendants' intentionally discriminated against her in violation of several federal laws as set forth in her aforementioned Response as follows:

    A.    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by then Civil Rights Act of 1991, Pub. L. No. 102-166) (race, color, gender, religion, national origin)

    B.    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 – 634 (amended in 1984, 1990, and by the Age Discrimination in Employment Amendments of 1986, Pub. L. No. 92-592, the Civil Rights Act of 1991, Pub. L. No. 102-166)

      **C.**    Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 – 12117 (amended by the ADA Amendments Act of 2008, Pub. L, No. 110-325 and the Civil Rights Act of 1991, Pub. L. No. 102-166)

and since it is a well-known fact that the Defendants (University of Memphis et al.) receive federal funding and as a condition of receiving those funds they waived their immunity, Defendants clearly have no right to claim Eleventh Amendment immunity. Defendants had a choice as to whether they engaged in discrimination against federally protected classes and they had a choice of as to whether they accepted federal funding. By making conscious decisions to engage in both of these behaviors, the Defendants waived any Eleventh Amendment immunity under the Magistrate's listed "certain exceptions to Eleventh Amendment immunity" to which they might have otherwise been entitled. Further, the removal of the proclaimed immunity by the Defendants is also proper under the Tennessee Governmental Tort Liability Act ("GTLA") for the negligent supervision and enforcement of said statutes. Plaintiff posits that this Court has jurisdiction over the negligent supervision and enforcement issues as a supplemental matter, **<ins>secondary to the clear violations of the above-referenced federal statutes covered by the federal questions.</ins>**

3.    **Rule 12(b)(1).** Plaintiff objects to the Magistrate's insinuation/recommendation that Plaintiff's case should be dismissed for lack of subject matter jurisdiction, again based on her contention that the Defendants have Eleventh Amendment immunity. This Court has subject matter jurisdiction due to the federal question of whether Plaintiff's civil rights were violated, and Eleventh Amendment immunity is not applicable and therefore not relevant to the argument of subject matter jurisdiction.

4.    **Rule 12(b)(6).** Plaintiff objects to the Magistrate's insinuation/recommendation that Plaintiff's case should be dismissed for failure to state a claim upon which relief may be granted. This insinuation/recommendation by the Magistrate is also based on the incorrect presumption that Defendants are entitled to Eleventh Amendment immunity, which they are not, as discussed above. Further, Plaintiff's submissions do not require the "District Court[s]…to act as counsel or

paralegal" inasmuch as Plaintiff's Amended Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Lutrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft,* 556 U.S. at 678). Plaintiff included sufficient information in her pleading and supported the information with the documents which were attached thereto and made a part thereof. However, it appears that, once again, the Magistrate has based her entire argument on this matter on the documents submitted by Defendants while disregarding those submitted by Plaintiff, which does not reflect impartial adjudication.

5.  **Magistrate's Proposed Analysis and Conclusions of Law.** Plaintiff objects to the Magistrate's proposed analysis and conclusion of law relative to Title VII, ADEA and ADA inasmuch as they are clearly based totally on the submissions of Defendants without consideration of the legitimate arguments/submissions of Plaintiff. As noted in Plaintiff's Response to Defendant's Motion to Dismiss Amended Complaint (which actually appear on pp 6-9, even though the document was improperly scanned by the court and resulted in 27 pages as opposed to the actual 14 pages):

> "… the Civil Rights Act of 1964, as amended, and the Americans with Disability Act, as amended, are examples of acts where Congress has explicitly waived state immunity for purposes of suit in federal court. Title VII waives a state's immunity against suits for money damages, and in Title II of the Americans with Disabilities Act, Congress validly abrogated the sovereign immunity of the States embodied in the Eleventh Amendment to the United States Constitution when it declared that a state cannot be immune from an action in a federal or state court for violating the ADA. Claims for violation of Plaintiff's rights under The Civil Rights Act as amended and under the ADA are a part of Plaintiff's complaint herein. Therefore, Defendants have no legitimate claim to immunity due to the nature of the complaint….Section 701 of the Civil Rights Act of 1964, as amended (Title VII) defines the employers to which The Act applies as "…a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person, but such term **does not include (1) the United States, a corporation wholly owned by the Government of the United States, an Indian tribe, or any department or agency of the District of Columbia…**" Section 701 lists those entities that are excluded or exempt under The Act, and it is clear that the States are not exempt and were not meant to be included in the exemption…Section 706 further states, in part, that "…**Each United States district court and each United States court of a place subject to the jurisdiction of the**

4

**United States shall have jurisdiction of actions brought under this subchapter...** The Americans with Disabilities Act of 1990, as amended, specifically provides for abrogation of the State's immunity in Section 12202, which states, "A State shall not be immune under the eleventh amendment to the Constitution of the United States from an action in Federal or State court of competent jurisdiction for a violation of this chapter. [Although Defendants were regularly allowing employees to work remotely during the period when Plaintiff was wrongfully terminated, Defendants refused to allow Plaintiff to do the same, even though they had received notification of her disability, which was actually caused by their other discriminatory behavior toward Plaintiff.] In any action against a State for a violation of the requirements of this chapter, remedies (including remedies both at law and in equity) are available for such a violation to the same extent as such remedies are available for such a violation in an action against any public or private entity other than a State." Defendants' contentions that they are immune from suit under the ADA are clearly without legal basis.

Since these actual LAWS have not been changed, the caselaw proposed by the Magistrate (via her repetition of Defendants' arguments) for justification of her recommendation should not carry more legal weight than statutory law.

6.   Plaintiff also objects to the Magistrate's recommendations relative to the Tennessee Governmental Tort Liability Act (GTLA) inasmuch as Plaintiff correctly argues in her Response to Defendants' Motion to Dismiss Amended Complaint (*Ibid*, 9-12) that:

> Plaintiff's Amended Complaint also articulates how Eleventh Amendment immunity is not warranted or available to the Defendants in this matter under tort law. In addition to the Civil Rights violations by Defendants, this Cause of Action arises in tort as a result of damages suffered by Plaintiff as a result of the unethical and unlawful acts of negligence by Defendants. Negligence is defined as "the failure to behave with the level of care that a reasonable person would have exercised under the same circumstances." In Plaintiff's case, no reasonable person would have allowed Plaintiff's initial claims against Defendant Thompson to continue without legitimate investigation, nor would they have attempted to bury the investigator's results (which indicated that discrimination had occurred and recommended changes to correct the situation and prevent further instances by Defendant Thompson against Plaintiff) when Plaintiff filed an internal complaint of her own volition, although Defendants did attempt to bury the internal investigator's results. Defendants had a duty to Plaintiff to follow and/or oversee the federal statutes listed herein as being violated by Defendants; Defendants both intentionally and willfully breached that duty relative to the oversight and/or supervision of Defendant Thompson (since it is well-documented that all Defendants were informed of Defendant Thompson's deliberate discriminatory acts); and said breach resulted in damages to Plaintiff. Defendants' negligence manifested in the form of the negligent oversight, supervision, and management by

5

Defendant The University of Memphis of Defendants Jasbir Dhaliwal and Stephanie A. Thompson, making Defendant The University of Memphis vicariously liable for Defendants Dhaliwal and Thompson; in the form of the negligent oversight, supervision, and management by Defendants The University of Memphis and Jasbir Dhaliwal of Defendant Stephanie A. Thompson, making Defendants The University of Memphis and Jasbir Dhaliwal vicariously liable for Defendant Thompson; and by the negligent lack of enforcement of the above-referenced Civil Rights statutes by all Defendants as related to Plaintiff's employment with The University of Memphis for which they all had a clear obligation, as opposed to their enforcement being subject to their discretion, which may have justified the claimed immunity by Defendants. Further, since all Defendants were notified by Plaintiff personally of Defendant Thompson's discriminatory behavior, and since Defendants were aware of their legal obligations under the aforementioned Civil Rights statutes and failed to act responsibly, Plaintiff's unlawful termination was a foreseeable result of the negligent supervision and negligent lack of enforcement of the statutes. Wherefore, any immunity claimed by the Defendants pursuant to the Eleventh Amendment is removed pursuant to Tenn. Code Ann. §29-20-205 under the Tennessee Governmental Tort Liability Act ("GTLA"), which provides that "immunity from suit of all governmental entities is removed for injury proximately caused by a negligent act or omission of any employee within the scope of his employment" except under ten (10) enumerated situations, none of which pertain to this situation.

Tennessee's GTLA can and should be construed as Tennessee's "unequivocal expression of congressional intent," realizing that Congress never intended for governmental entities to be completely immune from suit, especially when the adverse results were foreseeable and could have been prevented "but for" their negligence. Defendants Thompson and Dhaliwal acted under the color of state law. Due to their positions with The University of Memphis, which fall under the administrative umbrella of the State of Tennessee, Defendants Thompson and Dhaliwal had the duty and authority or perceived authority to carry out the enforcement of Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act of 1967, as amended, and the Americans with Disabilities Act of 1990, as amended, and they neglected that responsibility. While Defense Counsel proposed to further the protection of Defendant Thompson with an affidavit that she is no longer employed by Defendant The University of Memphis, such detail is irrelevant and of no consequence, because she was employed by the University of Memphis at the time of the discriminatory acts and violation of Plaintiff's aforementioned civil rights, so Defendant The University of Memphis and Defendant Jasbir Dhaliwal remain vicariously liable, and Defendant Thompson remains liable for her actions as well. In the alternative, a jury should be allowed to decide whether the fact that Defendant Thompson is no longer employed by the University is a reasonable defense to absolve any of the Defendants from liability, because the law clearly allows for a determination of liability.

Inasmuch as it is clear that Defendants The University of Memphis and Jasbir Dhaliwal were negligent in their supervision of Defendant Thompson and allowed her to perpetrate the aforementioned discrimination against Plaintiff, **it is also clear**

6

**from the documentation attached to the Amended Complaint that Defendant Thompson's discriminatory acts were calculated and were committed maliciously, intentionally and/or knowingly, although she also negligently ignored her responsibility to enforce the aforementioned federal statutes relative to Plaintiff's rights. Contrary to Defendants' contentions on Page 10 of the Memorandum of Law in Support of their Motion to Dismiss Plaintiff's Amended Complaint, at no time does Plaintiff state that the gravamen of her claims of discrimination lies in negligence, only that negligence was an issue relative to Defendants' supervision/oversight and lack of enforcement of the statutes**. Had her actions been simply negligent, Defendant Thompson would have curtailed the discriminatory behavior after being advised of it, which she did not do. Instead, the behavior became magnified and she then began to engage in retaliatory behavior as well. This is also true of the other Defendants. Plaintiff personally advised all of the Defendants of Defendant Thompson's discriminatory behavior and they either accepted or ignored it. The resulting damages to Plaintiff were foreseeable, resulting in them being complicit in Defendant Thompson's behavior as well as being negligent by not ensuring that the federal statutes, with which the University is required to comply, were followed by all under their supervision and control.

Defendant the University of Memphis should be required to argue before a trier of the facts whether Defendant Thompson and Defendant Dhaliwal committed the acts within the scope of their employment, and it should be the responsibility of the triers of fact to determine if Defendant Thompson and Defendant Dhaliwal committed the alleged egregious acts toward Plaintiff "within the scope of their employment" by the evidence presented during trial and whether their behavior is actionable inasmuch as neither Defendant is entitled to immunity under the GTLA. The Defendants' violation of the GTLA should be reviewed by this Court as a supplemental matter. As Plaintiff correctly stated in her Response to Defendant's Motion to Dismiss Amended Complaint (*Ibid*, p. 12):

> In *Bowers v. National Collegiate Athletic Ass'n*, 9 F. Supp. 2d 460, the Court states, "In an ordinary Rule 12(b)(1) motion, the plaintiff bears the burden of persuading the court that subject matter jurisdiction exists. See Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir.), cert. denied, 501 U.S. 1222 (1991). Sovereign immunity is exceptional, however, in that while partaking of many of the features of jurisdiction, it remains an affirmative defense. See Carter v. City of Philadelphia, 181 F.3d 339, 347 (3d Cir. 1999) (citing Christy v. Pennsylvania Turnpike Commission, 54 F.3d 1140, 1144 (3d Cir. 1995))." Accordingly, the burden should be on the Defendants herein to establish their immunity from suit, which they have failed to do. Plaintiff, however, has established Defendants' lack of immunity.

7

7. Plaintiff objects to the Magistrate's contention that Defendants Thompson and Dhaliwal cannot be sued in their individual capacities. While rare, there are situations where individual liability could arise under Title VII, such as if an employee is found to have acted with extreme or egregious discriminatory conduct beyond the scope of their official duties. If the University of Memphis argues that Defendants Thompson and Dhaliwal acted beyond the scope of their official duties, they are saying that Defendants Thompson and Dhaliwal are also responsible in their individual capacities. This is a matter to be heard and decided by the trier of fact, and whether Defendant Thompson is currently employed by The University of Memphis has no legal consequence relative to her liability or whether being named individually in a lawsuit is appropriate, because the University remains liable for her behavior during her employment with the University and her behavior cannot be erased by her discontinuation of employment.

8. Plaintiff also objects to the Magistrate's contentions that Defendants Thompson and Dhaliwal should not be named in their official capacities. Under Title VII, a public official may be sued in his official capacity. Title VII is a statutory expression of traditional *respondeat superior* liability. Supervisors' actions that fall within the scope of their employment or within their official duties satisfy the definition of employer under Title VII. Therefore, supervisors may be named as defendants in their official capacity. [*Harvey v. Blake*, 913 F.2d 226, 227-28 (5th Cir. 1990); *In re Montgomery County*, 215 F.3d 367, 372-373 (3rd Cir. 2000)]. Plaintiff's Title VII allegations that include holding the University liable for the acts of Defendants Thompson and Dhaliwal within their official capacities are legally sufficient. The fact that the named individuals will not have to pay money to Plaintiff under a Title VII theory of liability is not grounds for dismissal. Further, Plaintiff's Amended Complaint prays for prospective injunctive relief. She asks for reinstatement and the removal of adverse information from her personnel file. Therefore, Plaintiff has properly sued individual supervisors in their "official capacities" and asks that these individuals be compelled to reinstate her and purge her file, actions for which the University will

8

be ultimately responsible. Title VII claims against the state and its agencies are not barred by the Eleventh Amendment. Title VII validly abrogates a states' Eleventh Amendment immunity in accordance with §5 of the Fourteenth Amendment. Under Title VII, The employer (including a state government) has to pay the price for the misconduct of named supervisory defendants. Under Title VII, a public official may be sued in his official capacity. Title VII is a statutory expression of traditional respondeat superior liability. Supervisors' actions that fall within the scope of their employment or within their official duties satisfy the definition of employer under Title VII. Therefore, supervisors may be named as defendants in their official capacity. (*Walpole v. University of Arkansas*, 4:07CV00164-WRW, 3 (E.D. Ark. Dec. 10, 2007). A supervisor who is named separately in a Title VII complaint is viewed as being sued in his capacity as the agent of the employer. The supervisor is named, but the employer remains liable for a Title VII violation committed by its agent. In other words, while Plaintiff's supervisors cannot be held personally liable for damages resulting from Title VII violations, they can be individually named as parties as the agents and representatives of the employer. (*Walpole v. University of Arkansas*, 4:07CV00164-WRW, 3 (E.D. Ark. Dec. 10, 2007)

## CONCLUSION

WHEREFORE, for the aforementioned reasons, including the federal questions regarding Defendants' violation of Plaintiff's Civil Rights relative to race, age, disability and the subsequent and resulting retaliation suffered by Plaintiff at the hands of Defendants being at the root of this matter, in addition to Defendants not being entitled to immunity, Plaintiff respectfully requests the Court to impartially review the objections contained herein as well as her prior submissions in this matter, and Plaintiff submits that she is entitled to have all of her claims heard by this Court against all listed Defendants. Plaintiff hereby moves the Court to reject the Magistrate's Report and Recommendations on Defendants' Motion to Dismiss the Amended Complaint as unfairly biased

in favor of the Defendants and being without legal basis, and that the Court allow Plaintiff's Complaint to be decided by a jury on the merits.

Date: January /3#/, 2025                     Respectfully submitted,


                                             Margie Robertson, Plaintiff Pro Se
                                             1304 Rutland Rd.
                                             Memphis, TN 38114
                                             (901) 848-0989
                                             margie_robertson@hotmail.com

## Certificate of Service

The undersigned Plaintiff certifies that she filed the above and foregoing Objections to Magistrate's Report and Recommendation on Defendants' Motion to Dismiss Amended Complaint in the above-captioned case is person with the Court on January 13th, 2025 and that a notice of this filing will be sent by operation of the Court's Electronic Court Filing ("ECF") system, by USPS first class mail, and/or via email to:

*Attorney for Defendants*

David M. Rudolph, Esquire
Senior Assistant Attorney General
Office of the Tennessee Attorney General
40 South Main Street, Suite 1014
Memphis, TN 38103
Telephone: (901) 543-4162
Facsimile: (901) 543-9025
david.rudolph@ag.tn.gov

_____
Margie Robertson, Plaintiff Pro Se