IN THE UNITED STATES DISTRICT COURT
FOR WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| **MARGIE ROBERTSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **Case No. 2:24-cv-2429-TLP-cgc** |
| | ) | |
| | ) | |
| **THE UNIVERSITY OF MEMPHIS,** | ) | **District Judge Thomas L. Parker** |
| **JASBIR DHALIWAL, individually and** | ) | **Magistrate Judge Charmiane Claxton** |
| **in his official capacity, and** | ) | |
| **STEPHANIE A. THOMPSON,** | ) | |
| **individually and in her official capacity,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### ORDER DENYING PLAINTIFF'S MOTIONS TO SET ASIDE

Before the Court, by way of Administrative Order 2013-05,[1] are Plaintiff's motion (D.E. # 17) to set aside the July 25, 2024 Order granting Defendants' motion for an extension of time to file an answer (D.E. # 16) and Plaintiff's motion (D.E. # 36) to set aside the November 14, 2024 Order granting Defendants' motion to stay discovery and for a protective order pending a ruling on their motion to dismiss on Eleventh Amendment immunity and other dispositive grounds (D.E. # 35).

Plaintiff alleges that the Orders should be set aside because Defendants did not engage in meaningful consultation as required by Local Rule 7.

Local Rule 7.2 (a)(1)(B) requires that all motions, except those pursuant Fed. R. Civ. P. 12, 56, 59 and 60, are to be "accompanied by a certificate of counsel or the parties proceeding *pro*

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

*se* affirming that, after consultation between the parties to the controversy, they are unable to reach an accord as to all issues…" Defendants state in their motion for extension of time that they communicated with Plaintiff by email to determine whether she consented or opposed the motion but did not hear from her prior to filing the motion. (D.E. # 15, PageID 54) Plaintiff confirms in her motion that she received an email from counsel for Defendants approximately one hour prior to the filing of the motion for extension of time. (D.E. # 17, PageID 56) While it would be better form for parties to allow more than one hour to respond to a consultation communication it is also not expected that a party would oppose a brief extension of time.

Defendants state in their motion to stay discovery that they consulted with Plaintiff regarding the motion and that Plaintiff opposed the motion. (D.E. # 34, PageID 213-14) Plaintiff confirms in her motion that she received an email from counsel for Defendants prior to the filing of the motion and that she notified counsel that the objected to the motion. Plaintiff's objection to the stay is noted.

Plaintiff has not raised any other reasons to set aside the orders and the motions are **DENIED**.

**IT IS SO ORDERED** this 10th day of February, 2025.

                 s/Charmiane G. Claxton
                 CHARMIANE G. CLAXTON
                 UNITED STATES MAGISTRATE JUDGE