## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| MARGIE ROBERTSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:24-cv-02429-TLP-cgc |
| v. | ) | |
| | ) | JURY DEMAND |
| THE UNIVERSITY OF MEMPHIS, | ) | |
| JASBIR DHALIWAL, *individually and in* | ) | |
| *his official capacity*, and STEPHANIE A. | ) | |
| THOMPSON, *individually and in her* | ) | |
| *official capacity*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

The University of Memphis, Jasbir Dhaliwal, both individually and in his officially

capacity, and Stephanie A. Thompson, both individually and in her official capacity,

(collectively "Defendants") move to partially dismiss this action.  (ECF No. 23.)  Margie

Robertson ("Plaintiff") responded in opposition.  (ECF No. 24.)

Under Administrative Order 2013-05, the Court referred this case to Magistrate Judge

Charmaine G. Claxton ("Judge Claxton") for management of all pretrial matters.  Judge Claxton

reviewed the Motion to Dismiss (ECF No. 23) and entered a Report and Recommendation

("R&R").  In the R&R, she recommends this Court grant in part and deny in part the Motion.

(ECF No. 37.)

Plaintiff timely objected to portions of the R&R.  (ECF No. 38.)  For the reasons below,

the Court **ADOPTS** the R&R and **GRANTS** in part and **DENIES** in part Defendants' Motion to

Dismiss.

1

**LEGAL STANDARD**

I.      **Rule 12(b)(1)**

Courts use Rule 12(b)(1) to dismiss a claim for lack of subject matter jurisdiction. *See*
Fed. R. Civ. P. 12(b)(1). And "Eleventh Amendment issues are jurisdictional in nature." *Russell
v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015). And so when a plaintiff brings
claims against the State that the Eleventh Amendment bars, Rule 12(b)(1) serves as the proper
vehicle for dismissal. *See, e.g.*, *Al-Janabi v. Wayne State Univ.*, No. 21-1399, 2021 WL
8264677, at *1 (6th Cir. Dec. 15, 2021); *Stanley v. W. Michigan Univ.*, 105 F.4th 856, 866 (6th
Cir. 2024) ("The district court lacked subject-matter jurisdiction to adjudicate [the plaintiff's]
ADA claims because Defendants are entitled to Eleventh Amendment immunity.").[1]

II.     **Rule 12(b)(6)**

When deciding whether a plaintiff's complaint states a claim on which relief can be
granted, courts apply the standard of Federal Rule of Civil Procedure 12(b)(6) as discussed in
*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).
Fed. R. Civ. P. 12(b)(6). And "[t]o survive a motion to dismiss, a complaint must contain
sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"
*Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). In other words, "[a] claim has facial
plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable
inference that the defendant is liable for the misconduct alleged." *Id.* A court must "construe the

---

[1] In her third objection, Plaintiff wrote: "This Court has subject matter jurisdiction due to the
federal question of whether Plaintiff's civil rights were violated, and Eleventh Amendment
immunity is not applicable and therefore not relevant to the argument of subject matter
jurisdiction." This is a general objection and thus the Court need not address it. (ECF No. 38 at
PageID 240.) But Plaintiff did also make specific objections to Judge Claxton's analysis about
Defendants' Eleventh Amendment immunity. (*Id.*) And the Court addresses these specific
objections throughout this Order.

complaint in the light most favorable to the plaintiff . . . and draw all reasonable inferences in

favor of the plaintiff." *Wamer v. Univ. of Toledo*, 27 F.4th 461, 466 (6th Cir. 2022), *cert. denied*,

214 L Ed. 2d 253 (2022) (citation omitted). But the court need not accept "legal conclusions or

unwarranted factual inferences." *Moderwell v. Cuyahoga Cnty.*, 997 F.3d 653, 659 (6th Cir.

2021) (quoting *Jackson v. Prof'l Radiology Inc.*, 864 F.3d 463, 466 (6th Cir. 2017)). Instead,

"the complaint must contain direct or inferential allegations respecting all the material elements

under some viable legal theory." *Arsan v. Keller*, 784 F. App'x 900, 909 (6th Cir. 2019)

(quotation omitted).[2]

Lastly, when reviewing a motion to dismiss, the ruling court generally restricts its review

to the face of the complaint. *Snyder-Hill v. Ohio State Univ.*, 48 F.4th 686, 698 (6th Cir. 2022).

Still, in reviewing a motion to dismiss, "a court may consider exhibits attached to the complaint,

public records, items appearing in the record of the case, and exhibits attached to defendant's

motion to dismiss, so long as they are referred to in the complaint and are central to the claims

contained therein." *Bray v. Bon Secours Mercy Health, Inc.*, 97 F.4th 403, 410 (6th Cir. 2024).

## III.    Report and Recommendation

A magistrate judge may submit to a district court judge proposed findings of fact and a

recommended ruling on certain dispositive pretrial matters. *See* 28 U.S.C. § 636(b)(1)(A)–

(B). And the Court "may accept, reject, or modify, in whole or in part, the findings or

---

[2] In her fourth objection, Plaintiff wrote, "Plaintiff objects to the Magistrate's
insinuation/recommendation that Plaintiff's case should be dismissed for failure to state a claim
upon which relief may be granted. This insinuation/recommendation by the Magistrate is also
based on the incorrect presumption that Defendants are entitled to Eleventh Amendment
immunity, which they are not, as discussed above." (ECF No. 28 at PageID 241.) The Court
overrules this objection. (ECF No. 37.) While Judge Claxton recommended the Court dismiss
some of Plaintiff's claims for failure to state a claim, these recommendations were not based on
the Eleventh Amendment. (*Id.*)

recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1).  A party may object

to the proposed findings and recommendations "[w]ithin 14 days after being served with a copy

of the recommended disposition."  Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).  If

neither party objects, then the district court reviews the R&R for clear error.  Fed. R. Civ. P.

72(b) advisory committee's note.  But if there is an objection, the district court reviews the

objected-to portions of the R&R de novo.  Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. §

636(b)(1).

An objecting party may not raise new arguments or issues in objections that it did not

present to the magistrate judge, unless the party has a compelling reason for failing to raise the

issue before.  *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).  And any objections

must "be clear enough to enable the district court to discern those issues that are dispositive and

contentious."  *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of

Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).  In fact, "[o]verly general

objections do not satisfy the objection requirement."  *Spencer v. Bouchard*, 449 F.3d 721, 725

(6th Cir. 2006) (citing *Miller*, 50 F.3d at 380), *abrogated on other grounds by Jones v. Bock*, 549

U.S. 199 (2007); *see also Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002) ("The filing of

vague, general, or conclusory objections does not meet the requirement of specific objections

and is tantamount to a complete failure to object." (citing *Miller*, 50 F.3d at 380)).  And so, when

a plaintiff submits only vague, general, or conclusory objections, the district court may review

the R&R for clear error, rather than de novo.  *See id.*  In any case, the district court need not

articulate all its reasons for rejecting a party's objection.  *See Tuggle v. Seabold*, 806 F.2d 87, 92

(6th Cir. 1986).

Judge Claxton entered her R&R, and Plaintiff objected to portions of the R&R. (ECF Nos. 37, 38.) The Court will first set out the relevant facts and then will review the R&R and Plaintiff's objections.

## BACKGROUND

### I.    Procedural History

In June 2024, Plaintiff sued Defendants here. (ECF No. 1.) And in July 2024, Defendants moved to partially dismiss this action. (ECF No. 18.) After that motion, Plaintiff amended the Complaint. (ECF No. 20.) Defendants then moved to partially dismiss this case again.[3] (ECF No. 23.) Judge Claxton recommends this Court deny Defendants' first Motion to Dismiss as moot. (ECF No. 37.) Given the Amended Complaint and second Motion to Dismiss, the Court **ADOPTS** that recommendation and **DENIES** Defendants' first Motion to Dismiss as **MOOT**. And so, in this Order, the Court considers only Defendants' second Motion to Dismiss and Judge Claxton's R&R on that Motion.

The Court will now present the facts involved in this case. These facts come from Plaintiff's Amended Complaint.

### II.    Factual History

The University of Memphis ("University") hired Plaintiff around May 4, 2020, as a Contracts Administrator for the Office of Sponsored Programs ("OSP"). Plaintiff is an African American female who is over forty years old. (ECF No. 20 at PageID 79.) Just after the University hired her, Plaintiff's supervisor, Stephanie Thompson ("Defendant Thompson"), allegedly informed Plaintiff that she hoped to advance the careers of two young white females,

---

[3] Defendants styled the motion as a motion to dismiss the amended complaint. (ECF No. 23.) But, as Judge Claxton noted, Defendants did not move to dismiss all the claims. (*Id.*) And so the Court construes the Motion as a partial motion to dismiss. (*Id.*)

Hannah Yawn and Laura Wright. (*Id.* at PageID 83.) And Defendant Thompson allegedly made many disparaging remarks about many of the older females who were previously or currently in the work group. (*Id.* at PageID 83–84.) Plaintiff told Defendant Thompson that she believed these actions were discriminatory towards her, as an older Black female who had more credentials and experience than the younger white employees. (*Id.* at PageID 84.) Plaintiff asserts that, at that point, Defendant Thompson became retaliatory. (*Id.*)

Plaintiff then complained to Defendant Thompson's supervisor, Jasbir Dhaliwal ("Defendant Dhaliwal"), to the University's Office of Institutional Equity ("OIE"), to Human Resources, and, lastly, to the University's president. (*Id.*) Plaintiff asserts that the OIE's investigation found that Plaintiff's allegations were "founded" but that the investigator's report and investigation were "stifled." (*Id.*)

Plaintiff further alleges that other people in the work group had said that they knew of Defendant Thompson's tendency "to favor young White female employees over older (especially, Black) female employees." (*Id.*) But these work group members were hesitant to speak out, given Defendant Dhaliwal appeared to support Defendant Thompson unconditionally. (*Id.*) Plaintiff states that other older Black female employees had received similar discriminatory treatment but left the work group rather than speaking out because "most believed that upper management was and is aware of these discriminatory practices." (*Id.*) And Plaintiff alleges that, rather than face a disciplinary action, Defendant Thompson received promotions and salary increases. (*Id.*) The University terminated Plaintiff's employment in August 2022. (*Id.* at PageID 83.)

Plaintiff sues Defendant Thompson and Defendant Dhaliwal, both in their individual and official capacities. (*Id.* at PageID 76.) Plaintiff also sues the University. (*Id.*) Against all

Defendants, Plaintiff seeks both damages and equitable relief. (*Id.* at PageID 86.) As for her causes of action, Plaintiff sues for discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act of 1967 ("ADEA"), and the Americans with Disabilities Act of 1990 ("ADA"). (*Id.* at PageID 77.) Plaintiff also brought state law tort claims. (*Id.* at PageID 78.) In particular, she sues the University and Defendant Dhaliwal for "negligent oversight, supervision, and management." (*Id.* at PageID 77.) And she sues each Defendant for "negligent lack of enforcement of the above-referenced" federal employment laws. (*Id.*)

Defendants moves to dismiss many of Plaintiff's claims. (ECF No. 23.) Plaintiff opposes that Motion. (ECF No. 24.) In her R&R, Judge Claxton recommends the Court grant in part and deny in part Defendants' Motion. (ECF No. 37.) Plaintiff timely objected to the R&R. (ECF No. 38.) The Court reviews de novo the portions of the R&R to which Plaintiff properly objects. The Court reviews the other sections of the R&R for clear error only.

## DISPOSITION

Having reviewed the record and for the reasons below, the Court **ADOPTS** the R&R and **GRANTS** Defendants' Motion in part and **DENIES** the Motion in part.

## I.    Eleventh Amendment and Sovereign Immunity[4]

---

[4] When the Eleventh Amendment bars a claim, this Court will dismiss that claim without prejudice for lack of subject matter jurisdiction. And, in this Order, this Court uses the terms "Eleventh Amendment immunity" and "sovereign immunity" interchangeably. These seem to be the approaches that the Sixth Circuit has taken most recently. *See Ashford v. Univ. of Michigan*, 89 F.4th 960, 969 (6th Cir. 2024) (using sovereign immunity and Eleventh Amendment immunity as interchangeable terms); *Stanley v. W. Michigan Univ.*, 105 F.4th 856, 866 (6th Cir. 2024) (dismissing claims barred by the Eleventh Amendment without prejudice for lack of subject matter jurisdiction and explaining that "Eleventh Amendment immunity precludes suits brought against a State by its own citizens."). But the Sixth Circuit has followed a different approach in the past. *See WCI, Inc. v. Ohio Dep't of Pub. Safety*, 18 F.4th 509, 514 (6th Cir. 2021) (treating claims brought by a state's own citizen as barred by only sovereign immunity,

The Eleventh Amendment states, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment bars suits "against states unless they consent to be sued or Congress, pursuant to a valid exercise of its power, unequivocally expresses its intent to abrogate sovereign immunity." *Stanley v. W. Michigan Univ.*, 105 F.4th 856, 863 (6th Cir. 2024) (citation omitted).

The Eleventh Amendment likewise protects "state officers acting in their official capacity and entities acting on behalf of the state." *Id.* (citation omitted). This means the Eleventh Amendment protects the University, as an agency of the State, and Defendants Dhaliwal and Thompson when acting in their official capacities as state officers. *See* Tenn. Code Ann. § 49-8-101(a) (creating a state university system, which includes University of Memphis). And, although the Amendment's text does not make it clear, "Eleventh Amendment immunity precludes suits brought against a State by its own citizens." *Cooperrider v. Woods*, 127 F.4th 1019, 1043 (6th Cir. 2025) (citing *Stanley*, 105 F.4th at 863 (6th Cir. 2024)).

But, for all that, under *Ex Parte Young*, sovereign immunity does not bar "claims for injunctive relief against individual state officials in their official capacities." *Diaz v. Michigan Dep't of Corr.*, 703 F.3d 956, 964 (6th Cir. 2013) (citing *Ex parte Young*, 209 U.S. 123 (1908)). To fall within the *Ex Parte Young* exception, a claimant may not receive monetary damages, it must seek injunctive relief "to end a continuing violation of federal law." *Id.* (citation omitted).

---

and not also the Eleventh Amendment, and explaining how when a claim is barred by sovereign immunity, it is a personal jurisdiction issue). Even if this Court followed the *WCI, Inc.* approach, the result here for the claims barred by immunity would be the same: a dismissal without prejudice for lack of jurisdiction.

II.    **ADEA and ADA**

A.    **The University and Official Capacity Monetary Damages**

Defendants move to dismiss Plaintiff's ADEA and ADA claims against the University on

the grounds that this Court lacks subject matter jurisdiction over them.  (ECF No. 23-1 at PageID

145–48.)  Likewise, if Plaintiff seeks monetary damages, Defendants move to dismiss Plaintiff's

ADEA and ADA claims against Defendants Dhaliwal and Thompson in their official capacities.

(*Id.*)  In particular, Defendants argue that the ADEA and ADA do not contain valid waivers of

the state's Eleventh Amendment immunity.[5]  (*Id.*)  Judge Claxton agrees with Defendants and

recommends the Court dismiss Plaintiff's ADEA and ADA claims against the University.  And

she recommends the Court dismiss Plaintiff's ADEA and ADA claims against Defendants

Dhaliwal and Thompson in their official capacities to the extent that Plaintiff seeks monetary

damages.  (ECF No. 37 at PageID 233.)

Plaintiff objects to these recommendations.  (ECF No. 38 at PageID 239–40.)  She argues

that the University has accepted federal assistance and so the University has waived its sovereign

immunity for ADA and ADEA claims.  (*Id.*)  To support her position, Plaintiff references 42

U.S.C § 2000d–7.  (*Id.*)

After de novo review, the Court agrees with Judge Claxton.  The Eleventh Amendment

bars Plaintiff's ADEA and ADA claims against the University.  By extension, to the extent that

Plaintiff seeks monetary damages, the Eleventh Amendment bars her ADEA and ADA official

capacity claims against Defendants Dhaliwal and Thompson.  Indeed, Congress has not

---

[5] Defendants argue that the ADEA and ADA do not contain valid waivers of the states' Eleventh
Amendment immunity.  The Court construes this as an argument that the ADEA and ADA do
not abrogate the states' Eleventh Amendment immunity.  Of course, states waive their immunity
and Congress abrogates it.

abrogated the State's immunity for ADA or ADEA claims, and Defendants have not waived their

immunity.  *See Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 91 (2000) (ADEA); *Bd. of Trs. of the*

*Univ. of Ala. v. Garrett*, 531 U.S. 356, 374 (2001) (ADA Title I); *Stanley*, 105 F.4th at 866

(ADA Title V); *Cook v. Garner*, No. 19-5931, 2020 WL 4876309, at *3 (6th Cir. June 17, 2020).

And the *Ex Parte Young* exception is of no help to Plaintiff on these claims.  *See Boler v. Earley*,

865 F.3d 391, 412 (6th Cir. 2017) ("[T]he doctrine does not extend to retroactive relief or claims

for money damages."); *Stanley*, 105 F.4th at 856 ("*Ex parte Young* does not allow suits against

the state itself.").

        And Plaintiff 's argument that the University or its officials waived their immunity for

ADEA and ADA claims because the University has accepted federal funds fails.[6]  In support of

her position, Plaintiff references 42 U.S.C § 2000d–7(a)(1).  This statute provides:

> A State shall not be immune under the Eleventh Amendment of the Constitution of
> the United States from suit in Federal court for a violation of section 504 of the
> Rehabilitation Act of 1973, title IX of the Education Amendments of 1972, the Age
> Discrimination Act of 1975, title VI of the Civil Rights Act of 1964, or the
> provisions of any other Federal statute prohibiting discrimination by recipients of
> Federal financial assistance.

*Id.*  But this statute does not mention the ADA or the ADEA.[7]  *Id.*  And Plaintiff has cited no

case interpreting this statute to mean that a state or state university or official waives sovereign

---

[6] Plaintiff raised this argument both to Judge Claxton and to this Court in her objections to the
R&R.  (ECF No. 24 at PageID 186.)  Judge Claxton did not address this argument.

[7] The Age Discrimination Act of 1975, which is listed in Section 2000d–7(a)(1), is not the
ADA.  The ADA is the Age Discrimination in Employment Act of 1967.  The Age
Discrimination Act of 1975 provides that "no person in the United States shall, on the basis of
age, be excluded from participation, in be denied the benefits of, or be subjected to
discrimination under, *any program or activity receiving Federal financial assistance*." 42 U.S.C.
§ 6102 (emphasis added).  And the ADEA provides "[i]t shall be unlawful for an *employer* to fail
or refuse to hire or to discharge any individual or otherwise discriminate against any individual
with respect to his compensation, terms, conditions, or privileges of employment, because of
such individual's age."  29 U.S.C. § 623(a)(1) (emphasis added).

immunity for ADA and ADEA claims by accepting federal funding.  And Section 2000d–

7(a)(1)'s residual clause discusses federal statutes that prohibit "discrimination by recipients of

Federal financial assistance."  But the ADEA and Title I of the ADA prohibit discrimination by

*employers*, not by recipients of federal financial assistance.[8]  42 U.S.C. § 6102; 42 U.S.C. §

12111(2).[9]  And so the ADEA and ADA are not included in Section 2000d–7(a)(1), and, on the

face of Section 2000d–7(a)(1), Plaintiff's argument fails.  Further, while this Court has found no

Sixth Circuit case on point, other courts around the country have interpreted 42 U.S.C § 2000d–

7(a)(1) as not including the ADA and ADEA.[10]

---

[8] While at times an employer may also be a recipient of federal financial assistance, Section 2000d–7(a)(1) is directed at statutes prohibiting discrimination by recipients of federal financial assistance.  And "mere participation in a federal program is not sufficient to waive immunity," unless there is also express language of waiver.  *Nihiser v. Ohio E.P.A.*, 269 F.3d 626, 628 (6th Cir. 2001) (citing *Edelman v. Jordan*, 415 U.S. 651, 673 (1974)).  Indeed, "A waiver of sovereign immunity must be strictly construed, in terms of its scope, in favor of the sovereign." *See Sossamon v. Texas*, 563 U.S. 277, 292 (2011) ("We conclude that States, in accepting federal funding, do not consent to waive their sovereign immunity to private suits for money damages under RLUIPA because no statute expressly and unequivocally includes such a waiver.").

[9] Title I of the ADA applies to "an employer, employment agency, labor organization, or joint labor-management committee." 42 U.S.C.A. § 12111(1).

[10] *See Sullivan v. Texas A&M Univ. Sys.*, 986 F.3d 593, 595 (5th Cir. 2021) ("Title I of the ADA does not fall within the residual clause of § 2000d-7(a)(1).  Title I's substantive provisions prohibit discrimination by a wide range of entities, not just those receiving federal funding."); *Fikse v. Iowa Third Jud. Dist. Dep't of Corr. Servs.*, 633 F. Supp. 2d 682, 689 (N.D. Iowa 2009) (explaining that the ADEA cannot be considered a "federal statute prohibiting discrimination by recipients of federal financial assistance …as it is not a Spending Clause enactment, and does not contain language specifically addressing such recipients." (citation omitted)); *Sullivan v. Univ. of Texas Health Sci. Ctr. at Houston Dental Branch*, 217 F. App'x 391, 395 (5th Cir. 2007) ("The question is whether the ADEA is a 'Federal statute prohibiting discrimination by recipients of Federal financial assistance.' Clearly it is not.  The ADEA prohibits age discrimination by 'employers,' not by those who receive federal financial assistance."); *Levy v. Kansas Dep't of Soc. & Rehab. Servs.*, 789 F.3d 1164, 1171 (10th Cir. 2015) ("In the absence of clear evidence that Congress intended for states to waive their immunity under the ADA by accepting federal funds, we will not stretch the language of the Rehabilitation Act to conclude that [the defendant] has made a clear and voluntary waiver of its sovereign immunity for ADA claims.").

**B.      Defendants Thompson and Dhaliwal: Official Capacities and Prospective Relief**

In their Motion to Dismiss, Defendants admit that Plaintiff can seek prospective relief against Defendant Dhaliwal under *Ex Parte Young* under the ADA and ADEA.  (ECF No. 23-1 at PageID 146, 148.)  Defendants likewise admit that reinstatement of employment and expungement of an employment record qualify as prospective relief.  (*Id.*)  And so Defendants did not move to dismiss Plaintiff's ADEA and ADA claims for prospective relief against Defendant Dhaliwal in his official capacity.

Still, in their motion to dismiss, Defendants maintain that the Court should dismiss Plaintiff's claims against Defendant Thompson here because she no longer works for the University and the University has not replaced her.  (*Id.*; *see* ECF No. 18-2.)  And, as a former university official, she cannot grant the requested relief.  (ECF No. 23-1 at PageID 146, 148.)  Defendants also assert that Defendant Dhaliwal can grant the prospective relief Plaintiff seeks and so the claims against Defendant Thompson are duplicative.  (*Id.*)  Judge Claxton agrees with Defendants and recommended this Court dismiss the ADA and ADEA claims Plaintiff brought against Defendant Thompson in her official capacity.  Plaintiff does not object to this recommendation.[11]  (ECF No. 38.)  The Court therefore reviews this recommendation for clear error only and finds none.

Normally, in a situation in which a public officer, like Defendant Thompson, no longer works for the state or its agencies, the Court would substitute the officer's replacement as the defendant.  *Ashford v. Univ. of Michigan*, 89 F.4th 960, 970 (6th Cir. 2024) ("However, with

---

[11] Plaintiff objects to Judge Claxton's recommendation that the Court dismiss the Title VII official capacity claims against Defendant Dhaliwal and Defendant Thompson.  But she did not make any objection about dismissing the ADEA and ADA official capacity claims against Defendant Thompson.  (ECF No. 38 at PageID 245–46.)

respect to a claim against an officer in their official capacity, the suit may proceed against whoever has replaced [the defendant] in his role as Vice Chancellor.").  In this case, the University has yet to replace Defendant Thompson.  Even so, given that Defendant Dhaliwal was Defendant Thompson's supervisor, the Court views him as Defendant Thompson's temporary replacement and as having assumed her duties.  And since Plaintiff has already sued Defendant Dhaliwal in his official capacity for prospective relief under the ADA and ADEA, there is no need to add anyone else.[12]

Accordingly, the Court **ADOPTS** Judge Claxton's recommendation and **DISMISSES WITHOUT PREJUDICE** Plaintiff's claims here to the extent that she requests prospective relief specifically from Defendant Thompson.  To be clear, although Plaintiff cannot pursue these prospective relief ADA and ADEA claims against Defendant Thompson, the Court, when deciding whether to enjoin Defendant Dhaliwal and require that he reinstate Plaintiff or expunge her employment records, will examine both Defendant Dhaliwal's prior conduct and Defendant Thompson's prior conduct.[13]

---

[12] Plaintiff sued Defendant Dhaliwal and Defendant Thompson for the same prospective relief. (ECF No. 20 at PageID 86–87.)

[13] As Judge Clay of the Sixth Circuit has explained,

> The majority does not address this prong of the district court's ruling, which is undoubtedly incorrect.  [The district court held that an individual was not a proper defendant because he did not have anything to do with the violation of federal law].  Plaintiff's *Ex parte Young* claim seeks reinstatement to remedy a "*continuing* violation of federal law." *Green v. Mansour,* 474 U.S. 64, 68, 106 S.Ct. 423, 88 L.Ed.2d 371 (1985) (emphasis added).  Determining whether Plaintiff is entitled to reinstatement requires an examination of historical events, but the relief sought is entirely prospective.  *See Diaz v. Mich. Dep't of Corr.,* 703 F.3d 956, 965 (6th Cir. 2013); *Carten v. Kent State Univ.,* 282 F.3d 391, 396 (6th Cir. 2002).  I would therefore hold that the proper defendant in an *Ex parte Young* action for reinstatement is not the official personally involved in a plaintiff's termination, but the official that has the authority under state law to reinstate the plaintiff.

### C.        Defendants Thompson and Dhaliwal: Individual Capacities

Defendants also move to dismiss Plaintiff's individual capacity ADA and ADEA claims against Defendants Thompson and Dhaliwal.  (ECF No. 23-1 at PageID 147–49.)  Defendants explain that the ADA and ADEA do not allow for individual capacity claims against an employee or supervisor.  (*Id.*)  Judge Claxton agrees with Defendants and recommends this Court dismiss Plaintiff's individual capacity ADA and ADEA claims.  It is unclear whether Plaintiff objects to Judge Claxton's recommendation here.  (*See* ECF No. 38 at PageID 245.)  But, in any event, under de novo review, the Court agrees with Judge Claxton.  Indeed, the ADA and ADEA do not allow individual capacity claims against an employee or supervisor.  *See Stanley v. W. Michigan Univ.*, 105 F.4th 856, 864 (6th Cir. 2024); *Liggins v. State of Ohio*, 210 F.3d 372 (6th Cir. 2000); *Pigott v. Battle Ground Acad.*, 909 F. Supp. 2d 949, 958 (M.D. Tenn. 2012).  Accordingly, the Court **DISMISSES** Plaintiff's individual capacity ADA and ADEA claims against Defendants Thompson and Dhaliwal for failure to state a claim.

### III.    Title VII

In their Motion to Dismiss, Defendants admit that Congress has abrogated the State's sovereign immunity for claims under Title VII.  (ECF No. 23-1 at PageID 149.)  And so Defendants concede that this Court has subject matter jurisdiction over Plaintiff's Title VII claims.  (*Id.*)  Still, Defendants maintain that Plaintiff's Title VII claims should be dismissed on other grounds.  Judge Claxton only partially agrees with Defendants.  The Court now reviews Judge Claxton's analysis and recommendations on Plaintiff's Title VII claims and Plaintiff's objections those recommendations.

---

*Crugher v. Prelesnik*, 761 F.3d 610, 620 (6th Cir. 2014) (Clay J., dissenting).

A.    **Failure to State a Claim**

Defendants move to dismiss Plaintiff's Title VII claims for failure to state a claim.

Defendants argued that "by clarifying that the gravamen of her claims against Defendants lies in

negligence, Plaintiff fails to state a claim for intentional discrimination under Title VII, ADA,

and/or ADEA." (ECF No. 23-1 at PageID 151.)  Judge Claxton finds this position unpersuasive

and recommends that the Court deny Defendants' Motion to Dismiss on this point.  Judge

Claxton reasons "that the mere inclusion of Plaintiff's negligence claims is insufficient for

Plaintiff's expressly pled Title VII claims to be dismissed." (ECF No. 37 at PageID 235.)

Neither party objects to Judge Claxton's recommendation and so the Court reviews it for

clear error only.  Having done so, the Court finds no clear error here.  Indeed, from the court's

view, the Complaint mainly focuses on Plaintiff's intentional discrimination claims, not her

negligence claims. (ECF No. 20.)  And merely pleading claims in tort does not mean Plaintiff's

Title VII claims must be dismissed.  The Court therefore **DENIES** Defendants' Motion to

Dismiss to the extent that it argues Plaintiff failed to state a claim under Title VII because she

also asserted tort claims.[14]

B.    **Defendants Thompson and Dhaliwal: Official Capacity**

Next, Defendants move to dismiss Plaintiff's Title VII claims against Defendants

Thompson and Dhaliwal in their official capacities, given that Plaintiff brought the same Title

VII claims against the University.  In short, Defendants argue that "[b]ecause the University is a

proper party as Robertson's former employer, her Title VII claims against the officers in their

official capacities are duplicative and should be dismissed." (ECF No. 23-1 at PageID 149.)

---

[14] To the extent that Defendant argues that the Court should dismiss Plaintiff's ADA and ADEA
claims because she raised tort claims, the Court finds the argument unpersuasive for the same
reasons explained here about her Title VII claims.

Judge Claxton agrees with Defendants and recommends this Court dismiss the official capacity Title VII claims.  (ECF No. 37 at PageID 236.)

Plaintiff objects to Judge Claxton's recommendation.  She argues that "under Title VII a public official may be sued in his official capacity."  (ECF No. 38 at PageID 246.)  Plaintiff admits that "Plaintiff's supervisors cannot be held personally liable for damages resulting from Title VII violations" and that "the employer remains liable for a Title VII violation committed by its agent." (*Id.*)  Still, she maintains "they can be individually named as parties as the agents and representatives of the employer."  (*Id.*)  And she reminds the Court that she also seeks equitable relief here, including reinstatement and the removal of adverse information from her personnel file. (*Id.*)  To support her position, Plaintiff relies on cases from outside the Sixth Circuit.

All of that may be true, but Plaintiff has waived these arguments.  Indeed, she did not make these arguments to Judge Claxton in response to Defendant's Motion to Dismiss.  *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("[A]bsent compelling reasons"… parties may not "raise at the district court stage new arguments or issues that were not presented to the magistrate."); (ECF No. 24.).  What is more, Plaintiff did not respond at all to Defendants' argument that the Court should dismiss these claims as duplicative.  (*See* ECF No. 24.) Nevertheless, under either de novo review or clear error review, this Court agrees with Judge Claxton that Plaintiff's Title VII official capacity claims against Defendants Thompson and Dhaliwal should be dismissed as duplicative.

Courts in the Sixth Circuit have noted that it is unclear whether a plaintiff can sue an individual in their official capacity under Title VII.  *Mitchell v. Fujitec Am., Inc.*, 518 F. Supp. 3d 1073, 1100 (S.D. Ohio 2021) ("the Sixth Circuit has not definitively ruled on the issue"); *Reagan v. City of Knoxville, Tenn.*, No. 3:07-CV-189, 2008 WL 305018, at *3 (E.D. Tenn. Jan.

16

31, 2008) ("[T]he Sixth Circuit has declined to address the extent to which supervisors may be held liable in their official capacity."); *Kelliher v. DXC Tech. Servs., LLC*, No. 19-13316, 2020 WL 12689446, at *3 (E.D. Mich. Oct. 29, 2020) ("There is no shortage of confusion over whether individuals can be named in their official capacities under Title VII or the ADEA."). And indeed, this Court agrees that Sixth Circuit case law is unclear on this issue.

In *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 571 (6th Cir. 2000), the Sixth Circuit allowed official capacity claims brought against the university's president to proceed under Title VII. *See also Cox v. Shelby State Cmty. Coll.*, 48 F. App'x 500, 505 (6th Cir. 2002). But the question before the Sixth Circuit in *Johnson* was whether sovereign immunity barred the official capacity claims, not under what circumstances the plaintiff could sue the president in his official capacity under Title VII. *See* 215 F.3d at 571; *see also Smith v. Bd. of Trustees Lakeland Cmty. Coll.*, 746 F. Supp. 2d 877, 891 n.10 (N.D. Ohio 2010) ("[T]he *Johnson* court did not specifically address the extent to which supervisors can be held liable in their official capacities.). Then, a year after *Johnson*, the Sixth Circuit had the chance to clarify whether a plaintiff can sue a supervisor in their official capacity under Title VII, but it did not give a definite answer. *Little v. BP Expl. & Oil Co.*, 265 F.3d 357, 362 n.2 (6th Cir. 2001). In *Little*, the Sixth Circuit included this footnote:

> While the law is clear that a supervisor cannot be held liable in his or her individual capacity for violations of Title VII, there is support for the proposition that a supervisor may be held liable in his or her official capacity upon a showing that he or she could be considered the "alter ego" of the employer. This Court has not clearly and definitively ruled on this issue and we need not do so today.

*Id*.

Even though the Court is left without a clear answer here, the Court need not resolve this issue. This is because district courts in the Sixth Circuit often dismiss claims against supervisors

in their official capacities as redundant when the plaintiff also names the principal entity as a defendant in the suit.  This is true whether the principal entity is a private entity or a public entity, like the University here.  *See, e.g.*, *Shelton v. Cuyahoga Metro., Hous. Auth.*, No. 1:23-CV-483, 2024 WL 4336371, at *10 (N.D. Ohio Sept. 27, 2024) (dismissing the redundant official capacity claims in a Title VII action); *Maudlin v. Inside Out Inc.*, No. 3:13-CV-00354-TMR, 2014 WL 1342883, at *3 (S.D. Ohio Apr. 3, 2014) (same).  And although these district courts' decisions are not binding on this Court, the Court finds these cases persuasive.  Indeed, they reflect how the Sixth Circuit has handled official-capacity suits in other contexts.  *See, e.g.*, *Foster v. Michigan*, 573 F. App'x 377, 390 (6th Cir. 2014) (explaining, while evaluating a Title VI claim, that "[w]here the entity is named as a defendant, an official-capacity claim is redundant").

In the end, the Court finds that the Title VII claims against Defendants Thompson and Dhaliwal in their official capacities are redundant.  Indeed, if these Defendants remained in the suit, Plaintiff admits that the University would be the one paying for any Title VII violation.  And the fact that Plaintiff seeks equitable relief does not change this Court's position on the duplicative nature of the claims.  In fact, equitable relief may be fashioned against the University.  Accordingly, and after de novo review, the Court **DISMISSES** the Title VII claims Plaintiff brought against Defendants Thompson and Dhaliwal in their official capacities.

### C.    Defendants Thompson and Dhaliwal: Individual Capacity

Lastly, Defendants move to dismiss Plaintiff's Title VII claims that she brought against Defendants Thompson and Dhaliwal in their individual capacities.  Defendants argue that "a party is prohibited from bringing claims under Title VII against a person in his or her individual capacity."  (ECF No. 23-1 at PageID 150.)  Judge Claxton agrees with Defendants and

recommends this Court dismiss the Title VII claims Plaintiff brought against Defendants Thompson and Dhaliwal in their individual capacities.  (ECF No. 37 at PageID 236.)

But Plaintiff objects to this recommendation.  Plaintiff asserts: "While rare, there are situations where individual liability could arise under Title VII., such as if an employee is found to have acted with extreme or egregious discriminatory conduct beyond the scope of their official duties.  If the University of Memphis argue[s] that Defendants Thompson and Dhaliwal acted beyond the scope of their official duties, they are saying that Defendants Thompson and Dhaliwal are also responsible in their individual capacities."  (ECF No. 38 at PageID 245.)  But Plaintiff cites no law for this proposition.  By contrast, the Sixth Circuit has repeatedly held that supervisors cannot be held liable in their individual capacities under Title VII.  *See Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 406 (6th Cir. 1997) ("Moreover, the statutory scheme itself indicates that Congress did not intend to impose individual liability on employees."); *Sam Han v. Univ. of Dayton*, 541 F. App'x 622, 629 (6th Cir. 2013) ("[A]n 'employer' does not include the 'supervisors,' 'managers,' or 'co-workers' of a plaintiff."); *Little*, 265 F.3d at 362 ("The law in this Circuit is clear that a supervisor who does not otherwise qualify as an employer cannot be held personally or individually liable under Title VII.").  With this in mind, after de novo review, the Court **DISMISSES** Plaintiff's Title VII individual capacity claims against Defendants Thompson and Dhaliwal for failure to state a claim.

In sum, Plaintiff's Title VII claims against the University survive, but the Court **GRANTS** Defendants' Motion to Dismiss as it relates to Plaintiff's Title VII claims against Defendants Thompson and Dhaliwal.  This means the Court **DISMISSES** the Title VII claims Plaintiff brought against Defendants Thompson and Dhaliwal in their official and individual capacities.

## IV.    State Law Claims

Lastly, Defendants move to dismiss Plaintiff's state law tort claims.  (ECF No. 23-1 at PageID 150.)  Defendants assert that the Tennessee Governmental Tort Liability Act ("GTLA") "does not apply to the State or its agencies and departments such as the University of Memphis" and so the GTLA "does not affect the State's immunity defenses in any way."  (*Id.* at PageID 151.)  Judge Claxton agrees with Defendants and recommends the Court dismiss the state law claims.  (ECF No. 37 at PageID 236.)

Plaintiff objects to Judge Claxton's recommendation.  (ECF No. 38 at PageID 242–44.) She seems to argue that if Defendants Thompson and Dhaliwal acted within the scope of their employment then the GTLA removes their immunity.  (*Id.*)  The Court has reviewed the issue de novo.  And, after de novo review, the Court **ADOPTS** Judge Claxton's recommendation and **DISMISSES** all of Plaintiff's state law tort claims.  Because Plaintiff's objections suggest that she does not understand why the Court must dismiss these claims, the Court adds to Judge Claxton's reasoning below.

### A.    University and Official Capacity Claims

As explained earlier in this Order, the University, as part of the State, has sovereign immunity, unless Congress removes that immunity or the State waives it.  *See Kerchen v. Univ. of Michigan*, 100 F.4th 751, 766 (6th Cir. 2024) ("[T]he state law claims against these Defendants are barred by sovereign immunity just as the federal claims are barred.").  Likewise, Defendants Dhaliwal and Thompson have sovereign immunity for claims brought against them in their official capacities.  (*Id.*)  And when state law claims are at issue, the *Ex Parte Young* exception does not apply.  *Ernst v. Rising*, 427 F.3d 351, 368 (6th Cir. 2005) (citing reference omitted) ("[B]ecause the purposes of *Ex parte Young* do not apply to a lawsuit designed to bring

a State into compliance with *state law,* the States' constitutional immunity from suit prohibits *all* state-law claims filed against a State in federal court, whether those claims are monetary or injunctive in nature.").

Still Plaintiff has argued three times—in her Complaint, in her response to Defendants' Motion to Dismiss, and in her Objections to the R&R—that the GTLA waives Defendants' immunity for her state law tort claims. Plaintiff is incorrect.

As the Tennessee Supreme Court has explained, "[t]he GTLA governs only claims against counties, municipalities, and other local governmental entities and does not apply to claims against the *State*." *Sneed v. City of Red Bank, Tennessee*, 459 S.W.3d 17, 24 (Tenn. 2014); *see also Lucas v. State*, 141 S.W.3d 121, 126 (Tenn. Ct. App. 2004) (emphasis added) ("This act is not and never has been applicable to the State of Tennessee or its agencies and departments."); *Youngblood v. Clepper*, 856 S.W.2d 405, 406 (Tenn. Ct. App. 1993) ("[T]he act does not affect the state or its employees."); *Tennessee Dep't of Mental Health & Mental Retardation v. Hughes*, 531 S.W.2d 299, 300 (Tenn. 1975) ("[T]he trial court was in error in holding that instrumentalities of the state government, as contrasted with local governmental entities, are subject to the terms and provisions of the Act."). As Defendants correctly noted, the GTLA does not alter Defendants' sovereign immunity here. Indeed, the University is part of the *state* and Defendants Dhaliwal and Thompson were *state* employees at the time of the acts giving rise to this lawsuit.

Plaintiff has made waiver arguments based only on the GTLA. And the Court is unaware of any waiver that would allow this Court to hear these state law claims. Thus, after de novo review, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's state law tort claims against the University and Defendants Thompson and Dhaliwal in their official capacities.

21

### B.      Individual Capacity

And as much as Plaintiff sues Defendants Thompson and Dhaliwal in their individual

capacities under state tort law, the Court must dismiss these claims.  Indeed, Tenn. Code Ann. §

9-8-307(h) provides that "[s]tate officers and employees are absolutely immune from liability for

acts or omissions within the scope of the officer's or employee's office or employment, except

for willful, malicious, or criminal acts or omissions or for acts or omissions done for personal

gain."  As Defendants Thompson and Dhaliwal were state employees when they were allegedly

negligent, they are absolutely immune from liability here.  *See* Tenn. Code Ann. § 9-8-307(h).

Indeed, Plaintiff has alleged no facts suggesting the acts at issue occurred outside the scope of

Defendants Thompson and Dhaliwal's employment.  (ECF No. 20 at PageID 77–78.)  And

Plaintiff brought her state law claims for alleged *negligence*, not for any willful or malicious

acts.  (ECF No. 20 at PageID 77–78.)[15]

 Thus, after de novo review, the Court **DISMISSES** Plaintiff's negligence claims against

Defendants Thompson and Dhaliwal in their individual capacities.

### III.    Remaining General Objections

As a final point, Plaintiff objects to the R&R's tone.  She states:

> Plaintiff's initial objection refers to the overall tone of the Magistrate's Report and
> Recommendation.  Every suggestion, insinuation and/or recommendation rallying
> for the granting of Defendants' Motion to Dismiss appears to be based on
> arguments presented by the Defendants in this matter, as will be delineated in the
> following enumerated objections.  The Magistrate appears to either have not read,
> reviewed or considered Plaintiff's arguments in her Report and focuses on
> references made in Defendants' submissions to the detriment of Plaintiff, touting

---

[15] When discussing her state law tort claims, Plaintiff argued in her response to the Motion to
Dismiss that the University and Defendant Dhaliwal acted willfully and intentionally.  (ECF No.
24 at PageID 189.)  Even so, upon review of the Complaint, Plaintiff only brought state
law claims for negligence.  (ECF No. 20 at PageID 77–78.)  In other words, she did not bring state
law claims for any willful behavior.  (*Id.*)

>Defendants' arguments as more valid that those of Plaintiff, even though Plaintiff's
>arguments are not only viable but based on either statute or case law.

(ECF No. 38 at PageID 238–39.)  Likewise, Plaintiff generally objects to Judge Claxton's

proposed analysis and conclusions of law.  As Plaintiff writes, "Plaintiff objects to the

Magistrate's proposed analysis and conclusion of law relative to Title VII, ADEA and ADA

inasmuch as they are clearly based totally on the submissions of Defendants without

consideration of the legitimate arguments/submission of Plaintiff." (*Id.* at PageID 241.)  And

with this objection, Plaintiff provided her description of the law.  (*Id.*)

For starters, given that these are general objections, the Court need not address them.  But

even if the Court needed to consider them, the objections would fail.  The Court has reviewed the

R&R and finds no issue with its tone.  (ECF No 37.)  And while, at times, Judge Claxton detailed

the law with wording similar to Defendants' references to the law in their Motion to Dismiss,

this is not improper.  (*Id.*)  In fact, as this Order shows, Judge Claxton explained the law

accurately and the Court agreed with all her recommendations.  What is more, Judge Claxton

only recommends this Court grant the Motion to Dismiss in part.  (*Id.* at PageID 235.)  Indeed,

she found unpersuasive Defendants' argument that Plaintiff failed to state a Title VII claim

against the University.   (*Id.*)  In sum, the Court finds this objection unpersuasive.

## CONCLUSION

For the reasons explained, the Court **ADOPTS** the R&R and **GRANTS** in part and

**DENIES** in part Defendants' Motion to Dismiss.

To be clear, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's ADEA and

ADA claims against the University, Plaintiff's ADEA and ADA official capacity claims for

monetary damages against Defendants Thompson and Dhaliwal, and Plaintiff's ADEA and ADA

claims against Defendant Thompson in her official capacity for injunctive relief.  The Court

**DISMISSES WITHOUT PREJUDICE** Plaintiff's Title VII claims against Defendants Thompson and Dhaliwal in their official capacities. The Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's state law claims against the University and the state law claims Plaintiff brought against Defendants Thompson and Dhaliwal in their official capacities. The Court **DISMISSES WITH PREJUDICE** the state law claims Plaintiff brought against Defendants Thompson and Dhaliwal in their individual capacities. The Court **DISMISSES WITH PREJUDICE** Plaintiffs ADEA, ADA, and Title VII claims against Defendants Thompson and Dhaliwal in their individual capacities.

This means that Plaintiff's Title VII claims against the University may continue and Plaintiff's ADEA and ADA claims against Defendant Dhaliwal may continue as long as Plaintiff seeks injunctive relief.

**SO ORDERED**, this 27th day of March, 2025.

s/Thomas L. Parker

THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE